Filed 4/30/19; Certified for publication 5/14/19 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| AURORA LE MERE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>LOS ANGELES UNIFIED SCHOOL DISTRICT,<br><br>    Defendant and Respondent. | B281843<br><br>(Los Angeles County<br>Super. Ct. No. NC059903) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael Vicencia, Judge. Affirmed.

Law Office of Douglas B. Spoors and Douglas B. Spoors for Plaintiff and Appellant.

Anthony J. Bejarano for Defendant and Respondent.

————————————

Appellant Aurora Le Mere was a teacher employed by the Los Angeles Unified School District (LAUSD) for 13 years. In 2015, she sued LAUSD and six of its employees, alleging a pattern of harassment, discrimination and retaliation against her because she engaged in protected activities. She appeals from a judgment of dismissal entered after the trial court sustained LAUSD's demurrer to her Second Amended Complaint (SAC) without leave to amend. She contends the trial court abused its discretion in dismissing a cause of action she added to the SAC without first obtaining leave of court to do so. She further contends the trial court erred in finding she had not alleged sufficient facts to establish a causal link between the retaliatory animus and the adverse action. Finally, she contends that the government claim she filed satisfied the requirements of the Government Claims Act, section 810 et seq. We affirm the judgment of dismissal.

## PROCEDURAL AND FACTUAL BACKGROUND

In 2002, appellant began working as a teacher for LAUSD. Between July 2006 and February of 2014, appellant filed several claims and complaints arising from her employment. She filed two worker's compensation actions for injuries sustained when students attacked her. She had surgery for a shoulder injury, was hospitalized for cardiac problems, and received a diagnosis of post-traumatic stress disorder. She filed at least two administrative complaints alleging LAUSD violated provisions of the Education Code. One of the complaints prompted an OSHA investigation. In 2007 she filed a civil action against LAUSD and two individuals for discrimination, retaliation and civil rights violations. In 2014, appellant filed a complaint with the

California Department of Fair Employment and Housing (DFEH), subsequently receiving a "right to sue letter."

On February 10, 2015, appellant filed the present action against LAUSD and six individual defendants. She alleged generally: "From and after the dates that the Workers' Compensation cases and the civil action were filed, and subsequently settled, and subsequent to the [Education Code] Complaints, Plaintiff has endured a pattern of continued harassment, intimidation, discrimination, hostility, and retaliation as set forth herein."

Appellant initially asserted five causes of action against LAUSD and three causes of action against the individual defendants. All defendants demurred and in response, on September 30, 2015, appellant filed her First Amended Complaint (FAC) asserting the same five causes of action against LAUSD and the same three against the individual defendants. Another round of demurrers ensued.

On February 16, 2016, plaintiff filed a claim under the Government Claim Act.

In March 2016, the trial court granted LAUSD's demurrer to the second, third and fourth causes of action in the FAC with leave to amend and sustained LAUSD's demurrer to the first and fifth causes of action without leave to amend. The court sustained the individual defendants' demurrers without leave to amend. The individual defendants are not parties to this appeal.

On April 14, 2016, appellant filed the SAC, which alleges three causes of action against LAUSD: (1) harassment in violation of Education Code sections 44110 through 44114; (2) violation of Labor Code section 1102.5; and (3) violation of Labor Code section 226.7. The first cause of action for

3

harassment was newly added.  Notably appellant did not re-allege the second cause of action from the FAC, although she had leave to do so.

LAUSD again demurred.  On November 8, 2016, the trial court sustained the demurrer without leave to amend.  The minute order for the hearing on the demurrer states:  "Demurrer is granted without leave to amend as to all three causes of action.  [¶]  As to the First Cause of Action, Plaintiff did not seek leave to add a whole new cause of action.  [¶]  As to the Second Cause of Action, Plaintiff failed to file the claim prior to commencement of this action."[1]  As we discuss below, the trial court explained these rulings in more detail during the hearing on the demurrer.  A judgment of dismissal was entered on March 27, 2017.

This appeal followed.

## DISCUSSION

A.  *The Demurrer to the Cause of Action Entitled "Retaliation in Violation of Government Code Section 12940(h)" was Properly Sustained.*

The FAC includes a cause of action entitled "Retaliation in Violation of Government Code § 12940(h)."  The court sustained the demurrer to this cause of action with leave to amend.  Appellant did not amend.  Instead she contends the allegations were sufficient, without more, to state the cause of action against LAUSD.

---

[1]     At the hearing appellant represented to the court that she intended to dismiss the third cause of action.  The trial court then sustained the demurrer to the third cause of action without leave to amend.

4

The FAC alleges that in 2007, appellant filed a civil action against LAUSD and two individuals and "[f]rom and after the dates that the civil action was filed, and subsequently settled, Plaintiff has endured a pattern of continued harassment, intimidation, discrimination, hostility, and retaliation as set for herein, all in violation of California Government Code § 12940(h). Such conduct includes, but is not limited to, the following as herein alleged." The next two paragraphs refer to events which occurred in 2006, before the civil lawsuit was filed. The next event alleged did not occur until June 2009, which is at least 22 months after the August 2007 date given for the lawsuit. Dozens of paragraphs then allege more harassing conduct, the last of which occurred in the fall of 2014.

An order sustaining a demurrer with leave to amend may be reviewed in an appeal from the ultimate order of dismissal. (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 611.) Generally, in reviewing the sufficiency of a complaint against a demurrer, "we accept as true all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] When, as here, 'a plaintiff is given the opportunity to amend his complaint and elects not to do so, strict construction of the complaint is required and it must be presumed that the plaintiff has stated as strong a case as he can.' [Citations.] In these circumstances, we will affirm the judgment if the complaint is objectionable on any ground raised in the demurrer. [Citations.]" (*Drum v. San Fernando Valley Bar Assn.* (2010) 182 Cal.App.4th 247, 251 (*Drum*).)

Appellant has not provided a reporter's transcript, audio transcription, or settled statement of the hearing on the demurrers to the FAC. The notice of ruling on the demurrer

simply states that it is granted with leave to amend. We therefore look to the grounds raised in the demurrer. (See *Drum, supra*, 182 Cal.App.4th at p. 251.)

The elements of a claim for retaliation in violation of Government Code section 12940, subdivision (h), are: "(1) the employee's engagement in a protected activity . . . ; (2) retaliatory animus on the part of the employer; (3) an adverse action by the employer; (4) a causal link between the retaliatory animus and the adverse action; (5) damages; and (6) causation." (*Mamou v. Trendwest Resorts, Inc.* (2008) 165 Cal.App.4th 686, 713.) LAUSD demurred on the ground the FAC included no facts satisfying the second, third and fourth elements.

LAUSD argued the FAC does not allege any of the named defendants or non-party actors held any retaliatory animus toward plaintiff or even knew of the 2007 lawsuit. LAUSD also argued even if retaliatory animus were present there are no allegations showing a causal connection between the animus, the protected activity, and the retaliatory conduct.

LAUSD is correct. The FAC does not allege the named individual defendants engaged in any retaliatory conduct. It does not even allege the named individual defendants were LAUSD employees. While some individuals at LAUSD must have known about the 2007 lawsuit, the FAC does not allege the individual defendants or non-party actors knew about the lawsuit or were directed in their activities by others at LAUSD who had knowledge.

Notwithstanding the absence of direct evidence of retaliatory animus, close temporal proximity between a plaintiff's protected activity and the alleged retaliatory conduct against the plaintiff has been found sufficient to support a prima facie case of

causation. (See *Flait v. North American Watch Corp.* (1992) 3 Cal.App.4th 467, 478.) Several federal cases hold that intervals of more than a few months were too long to support causation. (See, e.g., *Cornwell v. Electra Cent. Credit Union* (9th Cir. 2006) 439 F.3d 1018, 1036 [seven month gap too long to support causation].) Here, almost two years elapsed between the 2007 lawsuit and the first alleged instances of retaliation in 2009. A gap of two years is not sufficient as a matter of law to support an inference of causation.

In response to the demurrer, appellant did not contend she could allege retaliatory acts closer in time to the 2007 lawsuit. Instead, she advanced what can only be characterized as a new theory of retaliation. She focused on an LAUSD notice of intent to suspend her which she received on August 17, 2015. She contends "the allegation concerning the August 17, 2015 notice of suspension overcomes defendants' arguments concerning time and adverse employment action. This is true especially in light of events that occurred after the First Amended Complaint was filed." According to her opposition to the demurrer and her reply brief on appeal, it appears appellant contends the retaliation she experienced was not for the 2007 lawsuit; it was, instead, for this lawsuit filed in 2015.

This new theory of retaliation is not alleged in the FAC. The cause of action expressly alleges defendants retaliated because appellant filed the 2007 lawsuit. Incorporating by reference into this cause of action other general allegations about being suspended on pretextual grounds in May and August 2015 does not change the specific core allegations of the cause of action. The demurrer was correctly sustained to the cause of action as pled based on the 2007 lawsuit.

7

Although appellant obtained leave to amend this cause of action in the FAC, she did not do so. We must presume the FAC as pled is the strongest case appellant can make. It is not sufficient and we therefore affirm the trial court's ruling.

B. *The Trial Court Did Not Abuse Its Discretion in Denying Leave to Add or Amend the Cause of Action Alleged for the First Time in the SAC.*

Appellant's first cause of action in the SAC is entitled "Harassment in Violation of Education Code Sections §§ 44110–44114." At the hearing on the demurrer, the trial court indicated it found this cause of action defective because it did not allege a complaint was lodged with local law enforcement, a prerequisite to such a claim. The trial court's minute order for the hearing states the demurrer to this cause of action was sustained because "Plaintiff did not seek leave to add a whole new cause of action."

Appellant acknowledges this is a new cause of action, but points out that in her opposition to the demurrer to the FAC, she requested permission to add a cause of action for violation of Education Code section 44113, subdivision (a). First, she contends the trial court did not address this request other than to say that leave to amend was granted. The court granted plaintiff leave to amend three existing causes of action; we do not interpret the ruling as granting leave to add new causes of action.

Second, appellant contends the trial court should have permitted her to add this cause of action and should not have dismissed it on a "technicality." "[E]ven if a good amendment is proposed in proper form, unwarranted delay in presenting it may—of itself—be a valid reason for denial. [Citations.] Thus, appellate courts are less likely to find an abuse of discretion where, for example, the proposed amendment is offered after long

8

unexplained delay . . . or where there is a lack of diligence . . . . [Citation.]" (*McCoy v. Gustafson* (2009) 180 Cal.App.4th 56, 102, internal quotation marks omitted.)

The SAC was filed 14 months after the original complaint and appellant offered no explanation for her delay in asserting this new cause of action. The harassing conduct alleged in support of this claim began in 2013, well before this action was filed. Further, the new cause of action was not properly pled. As the trial court pointed out, the cause of action was defective because it did not allege a complaint had been lodged with local law enforcement, a prerequisite to such a claim. Appellant's counsel replied, "My client did attempt to file a complaint with the L.A. Unified School District's police . . . [b]ut the sergeant refused to take the complaint." Counsel represented: "[W]e could easily allege that and, you know, when I looked at the statute, it seemed like . . . that would be sufficient for that element." The trial court then asked what had prevented plaintiff from alleging this in the original complaint. Counsel replied, "Nothing, Your Honor."

Here, there was an unexplained delay of 14 months in raising the new cause of action. We find the trial court did not abuse its discretion in denying leave to amend to add the claim.

## C. *Failure* to *Comply with the Government Claims Act Bars the Cause of Action Alleging Violations of Labor Code Section 1102.5.*

Plaintiff's second cause of action in the SAC alleges violations of Labor Code section 1102.5. This was appellant's third attempt to plead this cause of action. The trial court sustained the demurrer because appellant "failed to file the [government] claim prior to commencement of [the] action." At

the hearing, the court explained:  "This is the third attempt to try to get this right and plaintiff has simply failed to properly make . . . that allegation that the tort claim act was properly complied with or substantially complied with; and the attempt that is made to plead around the requirements or plead substantial [compliance with the] requirements by filing a claim after the pleading or initial complaint was filed failed."

" 'The Government Claims Act (§ 810 et seq.) "establishes certain conditions precedent to the filing of a lawsuit against a public entity.  As relevant here, a plaintiff must timely file a claim for money or damages with the public entity. (§ 911.2.)  The failure to do so bars the plaintiff from bringing suit against that entity.  (§ 945.4.)"  [Citation.]' "  (*J.J. v. County of San Diego* (2014) 223 Cal.App.4th 1214, 1219.)

" 'Claims for personal injury must be presented not later than six months after the accrual of the cause of action . . . . (§ 911.2, subd. (a).)  Timely claim presentation is not merely a procedural requirement, but is a condition precedent to the claimant's ability to maintain an action against the public entity. [Citation.]  "Only after the public entity's board has acted upon or is deemed to have rejected the claim may the injured person bring a lawsuit alleging a cause of action in tort against the public entity."  [Citation.]' "  (*J.J. v. County of San Diego, supra,* 223 Cal.App.4th at p. 1219.)  " 'The failure to timely present a claim to the public entity bars the claimant from filing a lawsuit against that public entity.  [Citation.]' "  (*Ibid.*)

Significantly, if the injured party fails to file a timely claim, a written application may be made to the public entity for leave to present such claim.  (Gov. Code, § 911.4, subd. (a).)  If the public entity denies the application, Government Code section

10

946.6 authorizes the injured party to petition the court for relief from the claim requirements.  (*Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1777.)

" 'Moreover, because the purpose of the claims is not "to prevent surprise [but rather] is to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation . . . [citations][,] . . . [i]t is well-settled that claims statutes must be satisfied even in face of the public entity's actual knowledge of the circumstances surrounding the claim. Such knowledge—standing alone—constitutes neither substantial compliance nor basis for estoppel."  [Citation.]' [Citation.]"  (*J.J. v. County of San Diego*, *supra*, 223 Cal.App.4th at p. 1219.)

The initial complaint and the FAC do not allege compliance with the Government Claims Act.  The SAC alleges a government claim was filed with LAUSD on February 16, 2016.  This was one year after appellant filed the original complaint in this action and several months after she filed the FAC.

In opposition to the demurrer, appellant argued there was a "problem with it requiring a government tort's claim to be alleged when the harassment doesn't occur until after the complaint is filed."  It is difficult to see the problem here.  If no misconduct occurred before a lawsuit was filed, there would be no basis for a lawsuit.  In this case, appellant named LAUSD in her original complaint and alleged numerous incidents of harassment, retaliation, discrimination and similar misconduct by LAUSD dating back years before the filing of the complaint. Appellant was required to file a claim with LAUSD before filing her lawsuit.  She failed to do so.  The lawsuit is therefore barred.

Appellant has not cited nor are we aware of any cases permitting a plaintiff to "cure" her failure to file a pre-lawsuit claim by filing a post-lawsuit claim, particularly when the claim is filed a year after the lawsuit had commenced. At that point, it is too late to " ' "provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." ' " (See *J.J. v. County of San Diego, supra*, 223 Cal.App.4th at p. 1219.)

Relying on *Murray v. Oceanside Unified School Dist.* (2000) 79 Cal.App.4th 1338 (*Murray*), appellant maintains that a government claim may be filed after a lawsuit against a public entity begins. Appellant's reliance on *Murray* is misplaced. In *Murray* plaintiff filed a timely pre-litigation claim which the public entity rejected;[2] she then commenced legal action. (*Id*. at p. 1345.) She was later permitted to amend her properly filed complaint to add post-complaint misconduct. (*Ibid*.) That is not the situation here. The public entity in *Murray* had the opportunity to settle Murray's claims without litigation; LAUSD never had that opportunity here.

To be clear, retaliation or harassment by a public entity in response to a lawsuit, even one that is procedurally barred, is not acceptable. Nothing in the law suggests, however, that a public

---

[2] We note that Murray claimed she was harassed and discriminated against due to her sexual orientation. (*Murray, supra*, 79 Cal.App.4th. at p. 1345.) During the pendency of her action, changes in the law affected the appropriate pretrial procedure to be followed before asserting such a claim against a public entity. Under these unusual circumstances, Murray's government claim was deemed sufficient to satisfy the procedural requirement of FEHA. (*Id*. at pp. 1358–1361.)

12

entity's alleged misconduct serves to lift an existing procedural bar or relieve a plaintiff from following the legislatively prescribed claim procedures.  Filing a government claim while simultaneously attempting to prosecute a cause of action based on that claim, as plaintiff did here, does not satisfy the purpose of the act, which is to give the public entity the opportunity to investigate and settle the claim without the cost of litigation. (See *J.J. v. County of San Diego, supra*, 223 Cal.App.4th at p. 1219.)

D. *The Trial Court Did Not Abuse Its Discretion When It Denied Leave to Amend Despite Appellant's PTSD.*

Appellant contends the trial court abused its discretion in denying her leave to amend the SAC because she had PTSD for "most of the life time of the lawsuit, certainly for a vital time frame of September 2015 to April 2016 when the second amended complaint was filed."

An appellant must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears."  (Cal. Rules of Court, rule 8.204(a)(1)(C).)  " 'The appellate court is not required to search the record on its own seeking error.'  [Citation.]  Thus, '[i]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived. [Citation.]' [Citations.]"  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.)

By failing to provide adequate record cites, appellant has forfeited these claims.  Further, the record reflects appellant was at all relevant times represented by counsel.  She does not explain why counsel could not adequately protect her interests

13

during any period of disability.  Her claim is forfeited for that reason as well.

## DISPOSITION

The judgment is affirmed.  The parties are to bear their own costs on appeal.

STRATTON, J.

We concur:

GRIMES, Acting P. J.

WILEY, J.

Filed 5/14/19

# CERTIFIED FOR PUBLICATION

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| AURORA LE MERE, | B281843 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. NC059903) |
| v. | |
| LOS ANGELES UNIFIED SCHOOL DISTRICT, | ORDER CERTIFYING OPINION FOR PUBLICATION [NO CHANGE IN JUDGMENT] |
| Defendant and Respondent. | |

THE COURT:

The opinion in the above-entitled matter filed on April 30, 2019, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

[There is no change in the Judgment.]

_____

GRIMES, Acting P. J.          STRATTON, J.          WILEY, J.