Filed 8/23/21; modified and certified for publication 9/14/21 (order attached)

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| SHARON CURCIO, | |
| Plaintiff and Appellant, | E072972 |
| v. | (Super.Ct.No. CIVDS1806317) |
| FONTANA TEACHERS ASSOCIATION CTA/NEA et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County. Keith D. Davis, Judge. Affirmed.

Bucher & Cameron and Kim Cameron for Plaintiff and Appellant.

Stephanie J. Joseph; Rothner, Segall & Greenstone and Glenn E. Rothner for Defendants and Respondents.

Sharon Curcio, formerly a teacher with the Fontana Unified School District (the district), learned her personnel file included derogatory statements about her. When the district refused to allow Curcio to obtain or review those statements, she sought

1

assistance from her union, the Fontana Teachers Association (FTA), and from the California Teachers Association (CTA). Such assistance was not forthcoming, so Curcio initiated proceedings before the Public Employees Relations Board (the board), claiming FTA and CTA breached their duties of fair representation and engaged in unfair practices in violation of the Educational Employment Relations Act (the Act). (Gov. Code, § 3540 et seq.).[1] When the board decided not to issue a complaint, Curcio filed this lawsuit.

Curcio appeals from the judgment of dismissal after the superior court sustained FTA and CTA's demurrer, without leave to amend, to Curcio's second amended petition for writ of mandate. The demurrer was grounded on FTA and CTA's claims that the board had the exclusive jurisdiction to decide whether Curcio had or had not stated an unfair practice and, therefore, the superior court lacked jurisdiction. We affirm.

I.

FACTS AND PROCEDURAL BACKGROUND

A.     *The Board Proceedings.*

Curcio filed an unfair practice charge with the board, alleging FTA and its president breached a duty to represent her under the bargaining agreement between the district and FTA, when FTA and CTA declined to provide Curcio with an attorney to pursue her request for complaint letters in her personnel file. She requested the board order FTA to return the dues she had paid for the past 16 years ($22,000) because she had been forced to represent herself (with the assistance of colleagues) in her quest to obtain

_____

[1] All further statutory references are to the Government Code unless otherwise indicated.

2

the complaint letters. In addition, Curcio prayed for $1.5 million in damages for FTA's breach of contract. In her statement of the conduct that gave rise to her claim, Curcio also alleged CTA breached its duty to represent her. But, she did not name CTA as a party against whom the charge was directed.

In its response, FTA (through a CTA attorney) argued Curcio's charge was untimely filed and cited section 3541.5, subdivision (a)(1), which prohibits the board from "issuing a complaint regarding an alleged unfair practice occurring more than six months before the filing of the charge." Because CTA had informed Curcio in May 2016 that it would not pursue her request for the complaint letters, and she waited until December 2016 to file her charge, her charge was untimely filed. In addition, although it was not specifically named in that charge, CTA argued it did not breach a contractual duty to Curcio when it declined to provide her with an attorney under a legal services program because it was "not the exclusive representative of a bargaining unit in which [Curcio] is a member."

The board sent Curcio a warning letter, indicating it would dismiss her charge as untimely and barred by the six-month statute of limitations unless she could amend it to correct any factual inaccuracies and make a prima facie case that her claim was timely. In addition, to the extent Curcio had alleged that FTA's president violated her state constitutional right to privacy by asking about the complaint letters, the board informed Curcio that it lacked jurisdiction to enforce rights under the California Constitution. Curcio filed a first and second amended charge, which repeated the same allegations from the original charge. FTA responded and once more argued Curcio waited more than six

3

months to file her original charge and, therefore, "[t]his charge is stale and time barred." And, CTA repeated its assertion that Curcio had not stated a prima facie charge for breach of duty of representation.

The board dismissed as untimely Curcio's charge. It concluded Curcio knew or should have known as early as May 6, 2016, that CTA would not provide her with an attorney, yet she waited until December 2016 to file her charge. In addition, the board once more indicated it lacked jurisdiction to address Curcio's allegation that FTA and/or CTA violated her constitutional right to privacy.

Curcio administratively appealed the dismissal, and the board upheld it. Curcio had reason to know in May 2016 that CTA would not provide her with an attorney or assist her in her dispute with the district, so she had to file her charge within six months. Because she waited seven months before filing her charge, it was time barred. The fact that Curcio learned additional information in October 2016 did not extend the statute of limitations. Moreover, the board concluded neither FTA nor CTA owed Curcio a duty to represent her in her quest to obtain from the district the derogatory letters in her personnel file.

B. *Trial Court Proceedings.*

Curcio, representing herself, filed a "Petition for Writ of Appeal" in the superior court, alleging the board's appellate decision was an abuse of discretion. She prayed for a writ of mandate directing the board to issue a complaint against the FTA and CTA. The

4

following month, Curcio, again acting in propria persona, filed a verified and amended petition for writ of mandate.[2]

The board demurred, arguing its decision to not issue a complaint is generally not subject to judicial review (§ 3542, subd. (b)), and that Curcio had not pleaded application of one or more of three exceptions to the general rule, viz, (1) that the board's decision violated her constitutional rights; (2) that the board exceeded its statutory powers; or (3) that the board's decision was based on an erroneous statutory construction (see *International Assn. of Fire Fighters*, *Local 188*, *AFL-CIO v. Public Employment Relations Bd.* (2011) 51 Cal.4th 259, 269-270). The trial court sustained the board's demurrer without leave to amend and subsequently dismissed the petition with prejudice. That order is not at issue in this appeal.

The trial court granted Curcio, who was now represented by counsel, leave to file a verified second amended petition for writ of mandate. In her second amended petition, Curcio argued defendants FTA and CTA breached their duty of fair representation and breached the collective bargaining agreement between FTA and the district when they declined to appoint an attorney to represent her and pursue her request to obtain derogatory statements in her personnel file.

FTA and CTA demurred to the second amended petition, arguing: (1) Curcio's claims fail as a matter of law because the Act provides the board with exclusive jurisdiction over alleged violations of the Act and whether to issue a complaint in

---

[2] Curcio filed her amended petition on her own behalf and on behalf of "AnonymousKnowNothings," purportedly, "An Anonymous Citizens Group."

5

response to a charge (Gov. Code, § 3541.5); (2) Curcio had not pleaded a viable cause of action for breach of FTA and CTA's duty of fair representation because that duty only extended to contractual remedies under their exclusive control, and the remedy Curcio sought was under *the board's* exclusive control; (3) Curcio did not exhaust her administrative remedies against CTA because her charge filed with the board only named *FTA* as a respondent; (4) to the extent Curcio claimed FTA and CTA breached a duty under Education Code section 44031 by refusing to pursue her request to review derogatory statements in her personnel file, the claim must fail because that statute applied solely to *the district*, whom Curcio had not named as a defendant; and (5) the second amended petition was an unauthorized end run around the general prohibition on judicial review of decisions by the board to not issue a complaint.

In opposition, Curcio argued: (1) the board had *initial* exclusive jurisdiction and, by filing her charge with the board and appealing their decision to not issue a complaint, she had exhausted her administrative remedies; (2) the second amended petition pleaded facts sufficient to state a claim that FTA and CTA acted arbitrarily and with bad faith and, consequently, breached their duty of fair representation to Curcio; (3) FTA and CTA owed Curcio a duty to ensure her rights under Education Code section 44031 were upheld, and the second amended petition pleaded facts to support a claim for breach of that duty; and (4) Curcio pleaded facts to demonstrate FTA and CTA violated her constitutional right to due process during proceedings before the board and, therefore, she had sufficiently pleaded one of the exceptions to the general rule against judicial review of decisions by the board to not issue a complaint.

6

The trial court sustained the demurrer without leave to amend. Defendants filed and served notice of entry of the order. Curcio filed her notice of appeal before the formal judgment of dismissal was entered. By separate order, we deemed the premature notice of appeal to have been filed after entry of the judgment. (Cal. Rules of Court, rule 8.104(d)(2).)

## II.

## DISCUSSION

### A. *Standard of Review*.

"'In reviewing an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory.' [Citation.] If the demurrer was sustained without leave to amend, we consider whether there is a 'reasonable possibility' that the defect in the complaint could be cured by amendment. [Citation.] The burden is on plaintiffs to prove that amendment could cure the defect." (*King v. CompPartners*, *Inc*. (2018) 5 Cal.5th 1039, 1050.)

Curcio opted to proceed on appeal without a record of the oral proceedings in the trial court, and the minute order and notice of ruling do not set forth the trial court's reasons for sustaining FTA and CTA's demurrer without leave to amend. "We therefore look to the grounds raised in the demurrer." (*Le Mere v. Los Angeles Unified School Dist*. (2019) 35 Cal.App.5th 237, 243.)

7

B.     *The Trial Court Correctly Sustained FTA and CTA's Demurrer Without Leave to Amend.*

Curcio argues, inter alia, the board's exclusive jurisdiction to make the initial determination whether to issue a complaint is merely a rule of exhaustion, and she contends the trial court erred by sustaining the demurrer without leave to amend because she did, in fact, exhaust her administrative remedies before the board.  FTA and CTA respond that the trial court correctly sustained their demurrer without leave to amend because the board had exclusive jurisdiction to determine whether Curcio had alleged an unfair practice.  We agree with FTA and CTA.

The Act "regulates employer-employee relations within California's public school systems.  Government Code section 3543.5 prohibits public school employers . . . from interfering with employees' exercise of rights guaranteed by [the Act], denying employee organizations the rights guaranteed them by [the Act], refusing or failing to negotiate in good faith with an exclusive representative, interfering with the formation or administration of any employee organization, and refusing to participate in good faith in [the Act]'s impasse procedure.  (Gov. Code, § 3543.5.)  [¶]  To ensure the implementation and enforcement of [the Act], [the board] was established with the enactment of the statute.  (Gov. Code, § 3541.)  [The board] '"provides an administrative remedy for unfair practices and violation of Government Code sections 3540-3549.3.  (Gov. Code, § 3541.3, subd. (i).)"'  [Citation.]  [The board's] powers and duties are set forth in Government Code section 3541.3, and include, among many other things, the power '[t]o investigate unfair practice charges or alleged violations . . . as [the board]

8

deems necessary to effectuate the policies of [the Act].'  (Gov. Code, § 3541.3, subd. (i).) [The Act] also provides [the board] with 'exclusive jurisdiction' to make '[t]he initial determination as to whether . . . charges of unfair practices are justified, and, if so, what remedy is necessary to effectuate the purposes of [the statute].'  (Gov. Code, § 3541.5.) '[The board]'s exclusive jurisdiction extends to all alleged violations of [the Act], not just those which constitute unfair practices.'"  (*Hott v. College of Sequoias Community College Dist.* (2016) 3 Cal.App.5th 84, 93-94, fns. omitted.)

Contrary to the arguments made in Curcio's briefs, exhausting proceedings before the board on an unfair practice charge does not mean the party may then file a lawsuit in the superior court alleging the same unfair practice.  When the Legislature adopted the Act, it created the Educational Employment Relations Board (the predecessor to the board), "'an expert, quasi-judicial administrative agency modeled after the National Labor Relations Board, to enforce the [A]ct.'"  (*Coachella Valley Mosquito & Vector Control Dist. v. California Public Relations Bd.* (2005) 35 Cal.4th 1072, 1084-1085.) The board was given its current name when its jurisdiction was expanded to include enforcement of the provisions of other labor acts.  (*Id.* at p. 1085.)  Our Supreme Court has interpreted the Act as conferring "preemptive jurisdiction" on the board, similar to the jurisdiction of the National Labor Relations Board.  (*El Rancho Unified School Dist. v National Education Assn.* (1983) 33 Cal.3d 946, 953.)  The board's authority over unfair practices covered by the Act "divests the superior courts of jurisdiction to entertain" a damages lawsuit alleging the same unfair practice because the board "has exclusive initial jurisdiction to determine" whether the conduct in question "is an unfair practice and

9

what, if any, remedies should be pursued." (*Id*. at p. 961; see *Coachella Valley Mosquito & Vector Control Dist.*, at p. 1089 [Legislature "remov[ed] from the courts their initial jurisdiction . . . over unfair practice charges" filed under labor laws within the board's jurisdiction].) In other words, Curcio was not required to pursue her claim before the board as a matter of administrative exhaustion, but because that was the *exclusive* forum for her to pursue them.

The aggrieved party who filed an unfair practice charge before the board may petition the superior court for a writ of mandate to challenge a final decision of the board, "except [for] a decision of the board not to issue a complaint in such a case . . . ." (§ 3542, subd. (b).) As the board argued in its demurrer, our Supreme Court has articulated three exceptions to the otherwise absolute bar on judicial review of the board's decision not to issue a complaint. (See *Williams v. Public Employment Relations Bd.* (2012) 204 Cal.App.4th 1119, 1125 ["the California Supreme Court carved out three narrow exceptions to the general rule that a [board] decision not to issue a complaint was not subject to judicial review."].) The superior court may review the board's decision not to issue a complain when: (1) the board's decision violated a constitutional right; (2) the board exceeded its statutory powers; or (3) the board's decision was based on an erroneous statutory construction. (*International Assn. of Fire Fighters*, *Local 188*, *AFL-CIO v. Public Employment Relations Bd.*, *supra*, 51 Cal.4th at pp. 269-270.) The court may not review the board's decision "for ordinary error," and it must narrowly construe the three exceptions and apply them cautiously "to avoid undue interference with the discretion the Legislature has intended [the board] to exercise . . . ." (*Id*. at p. 271.)

10

Here, the board denied Curcio's unfair practice charge and entered a final decision not to issue a complaint.  And, when Curcio filed her petition in the superior court to review the board's decision, the court sustained the board's demurrer on the grounds Curcio had not pleaded application of one or more of the exceptions to the bar on judicial review under Government Code section 3542, subdivision (b).  The subsequent dismissal of Curcio's petition with prejudice was an appealable judgment (Code Civ. Proc., §§ 581d, 904.1, subd. (a)(1); *City of Morgan Hill v. Bay Area Air Quality Management Dist.* (2004) 118 Cal.App.4th 861, 867, fn. 3), but she did not appeal it, and it is now final.  Therefore, we lack jurisdiction to determine whether the superior court correctly ruled that Curcio had not and could not plead application of one or more of the exceptions.

Because the board had exclusive jurisdiction to determine whether Curcio had pleaded an unfair practice charge, and Curcio has already tried unsuccessfully to challenge the board's decision to not issue a complaint, we must conclude the superior court correctly sustained FTA and CTA's demurrer without leave to amend.[3]

---

[3] Curcio's request for judicial notice filed November 7, 2019, is denied as moot.

11

## III.

## DISPOSITION

The judgment is affirmed.  FTA and CTA shall recover their costs on appeal.


McKINSTER
Acting P. J.

We concur:


MILLER
J.


MENETREZ
J.

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

**ORDER**

SHARON CURCIO,

     Plaintiff and Appellant,

v.

FONTANA TEACHERS ASSOCIATION
CTA/NEA et al.,

     Defendants and Respondents.

E072972

(Super.Ct.No. CIVDS1806317)

ORDER DENYING PETITION
FOR REHEARING, MODIFYING
OPINION, AND CERTIFYING
OPINION FOR PUBLICATION

[NO CHANGE IN JUDGMENT]

THE COURT

The court has reviewed the petition for rehearing filed September 7, 2021. The petition is DENIED. The opinion filed in this matter on August 23, 2021, is MODIFIED as follows:

On page 10, in the first full paragraph, which begins, "The aggrieved party who filed an unfair practice . . . ," replace "superior court for a writ of mandate" with "Court of Appeal for an extraordinary writ," and add "see *id.*, subd. (c)" to the citation "§ 3542, subd. (b)"; and in the third full sentence, replace, "The superior court may review the board's decision not to issue a complain . . . ," with "The superior court may consider a

1

petition for writ of traditional mandate and review the board's decision not to issue a complaint . . . ."  The paragraph should read:

The aggrieved party who filed an unfair practice charge before the board may petition the Court of Appeal for an extraordinary writ to challenge a final decision of the board, "except [for] a decision of the board not to issue a complaint in such a case . . . ." (§ 3542, subd. (b); see *id*., subd. (c).)  As the board argued in its demurrer, our Supreme Court has articulated three exceptions to the otherwise absolute bar on judicial review of the board's decision not to issue a complaint.  (See *Williams v. Public Employment Relations Bd.* (2012) 204 Cal.App.4th 1119, 1125 ["the California Supreme Court carved out three narrow exceptions to the general rule that a [board] decision not to issue a complaint was not subject to judicial review."].)  The superior court may consider a petition for writ of traditional mandate and review the board's decision not to issue a complaint when:  (1) the board's decision violated a constitutional right; (2) the board exceeded its statutory powers; or (3) the board's decision was based on an erroneous statutory construction.  (*International Assn. of Fire Fighters, Local 188, AFL-CIO v. Public Employment Relations Bd*., *supra*, 51 Cal.4th at pp. 269-270.)  The court may not review the board's decision "for ordinary error," and it must narrowly construe the three exceptions and apply them cautiously "to avoid undue interference with the discretion the Legislature has intended [the board] to exercise . . . ."  (*Id*. at p. 271.)

The court has also reviewed the requests for publication of the nonpublished opinion filed by respondents California Teachers Association and Fontana Teachers Association on August 31, 2021, the California Public Employment Relations Board on September 7, 2021, and the California School Employees Association on September 9, 2021, and appellant's opposition filed on September 3, 2021.  The requests for publication are GRANTED.  The

opinion meets the standards for publication as specified in California Rules of Court, rule 8.1105(c)(2) and (c)(3).

IT IS SO ORDERED that said opinion filed on August 23, 2021, be certified for publication pursuant to California Rules of Court, rule 8.1105(b).

There is no change in judgment.

CERTIFIED FOR PUBLICATION

McKINSTER _____
Acting P. J.

We concur:

MILLER _____
J.

MENETREZ _____
J.

3