Filed 10/12/23  Koslow v. Data Ticket CA4/2
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| DAVID S. KOSLOW, | |
| Plaintiff and Appellant, | E079461 |
| v. | (Super.Ct.No. CVPS2103087) |
| DATA TICKET INC., et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  Kira L. Klatchko, Judge.

Affirmed.

David S. Koslow, in pro per., for Plaintiff and Appellant.

Ferruzzo & Ferruzzo, Gregory J. Ferruzzo and Sean E. Morrissey, for Defendants

and Respondents.

1

David S. Koslow brought this action against Data Ticket, Inc. (Data Ticket), Steven Napolitano, Cathedral City, and numerous other defendants.[1]  Koslow's third amended complaint (TAC) primarily alleged that a contract between Data Ticket and Cathedral City violates Business and Professions Code section 6155, which regulates lawyer referral services.  (Undesignated statutory citations refer to the Business and Professions Code.)  The Data Ticket defendants demurred to the TAC, and the trial court sustained the demurrer without leave to amend.  The court also denied Koslow's motion for leave to amend the TAC.  Koslow appeals from the judgment of dismissal in favor of the Data Ticket defendants.  We affirm.

BACKGROUND

I. *Allegations of the TAC*

Koslow's TAC alleged as follows.  In June 2013, Cathedral City contracted with Data Ticket to provide citation processing services (the Data Ticket contract).  Among other things, Data Ticket schedules hearings at which citizens may contest their citations, and the company "offers the option to perform and administer" those hearings.  Data Ticket will provide "independent, certified, insured hearing officers" with training on municipal code enforcement and experience in holding administrative hearings.  Data Ticket thus refers the city to a panel of "'independent contractor'" attorneys who perform

---

[1]    After filing the operative complaint, Koslow filed form amendments identifying numerous Doe defendants by name, including Elio Palacios, Marjorie Fleming, Albert Fleming, Brook Westcott, Heather Howlan, James Jones, and Maria Lara.  We refer to the foregoing individuals, Napolitano, and Data Ticket collectively as "the Data Ticket defendants."

as hearing officers in administrative citation appeals. Napolitano is an attorney who has accepted numerous referrals to perform as a hearing officer for the city.

Section 6155 requires lawyer referral services to be certified by the State Bar. The State Bar has not certified Data Ticket as a lawyer referral service. The Data Ticket contract therefore violates section 6155. The contract also violates various provisions of the city's municipal code, Public Contract Code section 20100 et seq., and the due process clauses of the state and federal Constitutions. In addition, section 6155 prohibits Napolitano from accepting referrals from Data Ticket.[2]

On the basis of the foregoing allegations, the TAC alleged causes of action for injunctive relief under section 6155 against the Data Ticket defendants. (See § 6155, subd. (e) ["A violation or threatened violation of this section may be enjoined by any person"].) It also alleged a cause of action for declaratory and injunctive relief against all defendants under Code of Civil Procedure section 526a, which authorizes "a taxpayer action seeking to restrain 'illegal' public expenditures." (*Leider v. Lewis* (2017) 2 Cal.5th 1121, 1125.)

---

**2** Koslow filed a complaint against Napolitano with the State Bar and an accusation against Napolitano in the California Supreme Court. The accusation seeks review of the State Bar's decision to close Koslow's complaint against Napolitano. Koslow requests that we take judicial notice of the accusation against Napolitano in the Supreme Court. We deny the request for judicial notice because the accusation is irrelevant and unnecessary to our resolution of this appeal. (*County of San Diego v. State of California* (2008) 164 Cal.App.4th 580, 613, fn. 29.)

3

II. *The Demurrer to the TAC and Koslow's Motion for Leave to Amend the TAC*

The Data Ticket defendants demurred to the TAC, arguing that Koslow had not alleged facts sufficient to show a violation of section 6155. They also argued that he had not alleged facts sufficient to show an illegal expenditure of public funds under Code of Civil Procedure section 526a.

Koslow opposed the demurrer and filed a motion for leave to amend the TAC. His opposition to the demurrer asked the court to take judicial notice of the papers filed in support of his motion for leave to amend, including his proposed fourth amended complaint (FAC). The proposed FAC added more defendants and allegations. Relevant here, it added allegations that the Data Ticket contract violates Vehicle Code section 40215, subdivision (c)(4)(A), section 104 of the city charter, and Government Code sections 37103 and 53060. The proposed FAC also added an allegation that Koslow posted a request for a third party neutral on LegalMatch.com, a certified lawyer referral service, and he received a response from a licensed attorney. Koslow's declaration in support of the motion for leave to amend stated that he could not have alleged the amendments earlier; he had recently learned the facts underlying all of the amendments when reviewing documents produced by the city in response to his requests for public records.

The Data Ticket defendants opposed the motion for leave to amend the TAC, arguing that Koslow had not shown why the amendments were necessary and proper or when he discovered the specific facts underlying the amendments. They additionally

4

argued that the amendments did not cure any deficiencies in the TAC and were designed to harass them.

The trial court sustained the demurrer without leave to amend. As to the causes of action under section 6155, the court concluded that the TAC did not allege facts sufficient to show that Data Ticket was acting as a lawyer referral service within the meaning of section 6155. The alleged facts did not demonstrate that there was an attorney-client relationship between the city and the attorneys who acted as hearing officers. As for the cause of action under Code of Civil Procedure section 526a, the court observed that Koslow had added it without leave of court. (The second amended complaint did not allege that cause of action.) The court concluded that it could strike the cause of action on that basis alone. On the merits, the court determined that the cause of action did not allege any facts to support liability against the Data Ticket defendants. The court denied leave to amend, ruling that the proposed FAC would not cure the deficiencies in the TAC.

The court also denied Koslow's motion for leave to amend the TAC. The order again noted that the proposed FAC would not cure the deficiencies in the TAC. And regarding the new allegation that the Data Ticket contract violates Vehicle Code section 40215, Koslow did not explain how that Vehicle Code section could be the basis for liability, particularly when each earlier version of the complaint alleged that Data Ticket and the city were involved in an illegal lawyer referral service.

The court entered a judgment dismissing the action against the Data Ticket defendants.

STANDARD OF REVIEW

"In reviewing an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory." (*T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162.) "[W]e accept the truth of material facts properly pleaded, but not contentions, deductions, or conclusions of fact or law." (*State Dept. of State Hospitals v. Superior Court* (2015) 61 Cal.4th 339, 346.) When the trial court sustains the demurrer without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

With respect to motions for leave to amend a pleading, the trial "court may, in furtherance of justice, and on any terms as may be proper, allow a party to amend any pleading." (Code Civ. Proc., § 473, subd. (a)(1).) We review an order denying a motion for leave to amend for abuse of discretion. (*Emerald Bay Community Assn. v. Golden Eagle Ins. Corp.* (2005) 130 Cal.App.4th 1078, 1097.)

We may affirm the judgment on any correct basis supported by the record, whether or not the trial court mentioned that basis in its ruling. (*ASP Properties Group, L.P. v. Fard, Inc.* (2005) 133 Cal.App.4th 1257, 1268.)

DISCUSSION

I. *Ruling Sustaining the Demurrer*

Koslow argues that the TAC alleged facts sufficient to constitute a cause of action against the Data Ticket defendants. We disagree.

Section 6155 states that an individual or entity shall not operate "for the direct or indirect purpose, in whole or in part, of referring potential clients to attorneys," unless the service is registered with the State Bar and is operated according to minimum standards established by the State Bar or the Supreme Court. (§ 6155, subd. (a)(1).) The State Bar has adopted rules setting forth the minimum standards and governing the certification of lawyer referral services. (Rules of State Bar, rules 3.800-3.808, 3.820-3.829.)

The court properly concluded that Koslow failed to allege facts sufficient to state a cause of action for injunctive relief under section 6155. Section 6155 concerns services that refer "potential clients to attorneys." (§ 6155, subd. (a).) The TAC alleged that Data Ticket refers the city to attorneys who perform as hearing officers in administrative citation appeals. But none of the factual allegations shows that there is an attorney-client relationship between the city and the hearing officers or that an attorney-client relationship was ever contemplated. It follows that Data Ticket was not "referring potential clients to attorneys" (§ 6155, subd. (a)(1)), and the Data Ticket defendants therefore were not subject to the requirements of section 6155.

Koslow's opening brief underscores the point. He asserts that the hearing officers were serving as a third party neutrals, a "lawyer service," under rule 2.4 of the State Bar Rules of Professional Conduct. That rule states that a "lawyer serves as a third-party

7

neutral when the lawyer assists two or more persons *who are not clients of the lawyer* to reach a resolution of a dispute, or other matter, that has arisen between them."  (Rules of Prof. Conduct, rule 2.4(a), italics added.)  Assuming that the hearing officers are third party neutrals within the meaning of the rule, by definition there is no attorney-client relationship between them and the city (or between them and any other party to the hearing).

Koslow argues that public policy concerns justify the application of section 6155 in this case.  He suggests that if Data Ticket is not subject to section 6155, then the impartiality or neutrality of the hearing officers is at risk.  Public policy concerns cannot override the unambiguous language of the statute.  (*Union of Medical Marijuana Patients, Inc. v. City of San Diego* (2019) 7 Cal.5th 1171, 1184 [resort to extrinsic aids, such as public policy, is necessary only when the language of a statute is ambiguous].)  The Legislature is free to enact statutes regulating the hearing officers.  But section 6155 plainly is not such a statute.

As for the cause of action under Code of Civil Procedure section 526a, that "section allows a taxpayer to bring an action to challenge 'any illegal expenditure' or 'waste' of government funds."[3]  (*California DUI Lawyers Assn. v. Department of Motor*

---

**3**    The statute states in relevant part:  "An action to obtain a judgment, restraining and preventing any illegal expenditure of, waste of, or injury to, the estate, funds, or other property of a local agency, may be maintained against any officer thereof, or any agent, or other person, acting in its behalf, either by a resident therein, or by a corporation, who is assessed for and is liable to pay, or, within one year before the commencement of the action, has paid, a tax that funds the defendant local agency . . . ."  (Code Civ. Proc., § 526a, subd. (a).)

*Vehicles* (2018) 20 Cal.App.5th 1247, 1257.) "To state a claim, the taxpayer must allege specific facts and reasons for the belief the expenditure of public funds sought to be enjoined is illegal. '"General allegations, innuendo, and legal conclusions are not sufficient."'" (*Coshow v. City of Escondido* (2005) 132 Cal.App.4th 687, 714.)

To the extent that Koslow based the taxpayer cause of action on an alleged violation of section 6155, we have already explained why the court properly sustained the demurrer. And to the extent that Koslow based the cause of action on something other than an alleged violation of section 6155, he does not address why the court erred by concluding that the cause of action did not allege facts sufficient to support liability. The absence of any cogent argument on that point forfeits the issue. (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 (*Cahill*).)

For these reasons, Koslow fails to show that the court erred by sustaining the Data Ticket defendants' demurrer to the TAC.

## II.  *Denial of Leave to Amend*

Koslow asserts that the proposed FAC alleged new facts that required the court to grant the motion for leave to amend. We disagree.

Koslow points to the new allegation that he posted a request for a third party neutral on LegalMatch.com, a certified lawyer referral service, and that he received a response from a licensed attorney. But he does not explain how that new allegation cures the defects in the TAC. Indeed, it does not. Section 6155 applies to entities that operate "in whole or in part" for the purpose of referring potential clients to attorneys. (§ 6155, subd. (a).) Even if LegalMatch.com operates in part as a lawyer referral service within

9

the meaning of section 6155, the company may engage in other types of referrals or operate for other purposes. It therefore is irrelevant that one can find a third party neutral on the website. It does not follow that section 6155 necessarily applies to any entity connecting parties to third party neutrals.

Koslow also relies on an allegation in the proposed FAC that a city employee picked specific individuals from Data Ticket's panel of attorneys to serve as hearing officers at specific hearings. That allegation was already in the TAC and thus was not a proposed amendment. And Koslow does not explain how that allegation means that the court erred by sustaining the demurrer. We need not develop the argument for him. (*Cahill*, *supra*, 194 Cal.App.4th at p. 956.)

Koslow additionally relies on the new allegations that the Data Ticket contract violates Vehicle Code section 40215, subdivision (c)(4)(A), section 104 of the city charter, and Government Code sections 37103 and 53060. He does not explain what the city charter or the Government Code sections prohibit, much less how the Data Ticket contract violates those authorities. Consequently, he does not establish a reasonable possibility that those proposed amendments would cure the defects in the cause of action for illegal expenditure of public funds. (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43 [the plaintiff "must clearly and specifically set forth the 'applicable substantive law,'" the "legal basis for amendment," and "factual allegations that sufficiently state all required elements" of the cause of action].)

With respect to the Vehicle Code allegations, Koslow asserts that because Data Ticket processes vehicle citations and collects those fines for the city, Vehicle Code

10

section 40215 prohibits Data Ticket from also providing the hearing officers who hear the vehicle citation appeals.[4]  Those cursory assertions do not show that the court abused its discretion.  The party moving to amend a pleading must file a declaration specifying (1) the effect of the amendment, (2) why the amendment is necessary and proper, (3) when the movant discovered the facts giving rise to the amended allegations, and (4) why the movant did not request leave to amend earlier.  (Cal. Rules of Court, rule 3.1324(b).) Generally, the trial court has broad discretion in determining whether to allow the amendment, and the factors the court may consider include ""'"the conduct of the moving party and the belated presentation of the amendment."'""  (*Emerald Bay Community Assn. v. Golden Eagle Ins. Corp.* (2005) 130 Cal.App.4th 1078, 1097 (*Emerald Bay*), italics omitted; see also *Le Mere v. Los Angeles Unified School Dist.* (2019) 35 Cal.App.5th 237, 245 (*Le Mere*) [court may consider unwarranted delay and lack of diligence in presenting proposed amendment when determining whether to sustain demurrer with leave to amend].)

Koslow's briefing on appeal fails to explain why he could not have alleged the Vehicle Code violation in the first four versions of the complaint.  And his declaration in support of the motion for leave to amend did not explain with any specificity the delay in proposing the Vehicle Code amendment.  He merely stated that his review of unspecified

---

**4**     Subdivision (c)(4)(A) of Vehicle Code section 40215 states that a hearing "examiner shall not be employed, managed, or controlled by a person whose primary duties are parking enforcement or parking citation, processing, collection, or issuance. The examiner shall be separate and independent from the citation, collection, or processing function."

11

public records revealed the facts on which all of his many amendments were based. Under these circumstances, we cannot say that the court abused its discretion by denying the motion for leave to amend. (*Le Mere*, *supra*, 35 Cal.App.5th at p. 245; *Emerald Bay*, *supra*, 130 Cal.App.4th at p. 1097.)

## DISPOSITION

The judgment of dismissal is affirmed. The Data Ticket defendants shall recover their costs of appeal. (Cal. Rules of Court, rule 8.278(a)(1).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

MILLER
Acting P. J.
CODRINGTON
J.

12