Filed 08/23/24  P. v. Williams CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WAYNE EDWARD WILLIAMS,<br><br>    Defendant and Appellant. | C099532<br><br>(Super. Ct. No. MAN-CR-FE-2019-13464) |

After a jury found defendant Wayne Edward Williams guilty of manufacturing methamphetamine, the trial court sentenced him to the upper term of seven years in state prison.  Defendant contends the trial court abused its discretion in selecting the upper term by relying on a remote prior conviction.  Because the prior conviction was for the same crime and was followed by two additional convictions, we disagree and affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2020, a jury found defendant guilty of manufacturing methamphetamine (Health & Saf. Code, § 11379.6, subd. (a); the 2020 conviction).  (*People v. Williams*

1

(Oct. 26, 2022, C093709) [nonpub. opn.].)[1]  During the trial, defendant admitted to having five prior convictions involving moral turpitude, three in 1996, one in 2002, and one in 2016 for evading a peace officer.  The prosecution sought the upper term for the 2020 conviction based on various factors, including defendant's prior convictions.  The trial court agreed with the prosecution and imposed the upper term.

In 2021, defendant appealed, and a different panel of this court remanded for resentencing pursuant to Senate Bill No. 567 (2021-2022 Reg. Sess.).  (*People v. Williams, supra*, C093709.)  The panel noted that defendant stipulated to a 1996 conviction for manufacturing a controlled substance (Health & Saf. Code, § 11379.6; the 1996 conviction), but could not "conclude with any certainty that the trial court would have imposed the upper term based solely on that aggravating circumstance."  (*People v. Williams, supra*, C093709.)

On remand, the trial court again sentenced defendant to the upper term, citing the 1996 conviction for the same offense as an aggravating factor and no "mitigating factors that would cause [it] to say that the aggravating factor does not outweigh the mitigating factors."

Defendant timely appealed.

On appeal, defendant admits that he was sentenced to eight years in state prison for the 1996 conviction and that he has two other prior convictions:  (1) a 2002 conviction for possessing components to manufacture methamphetamine (Health & Saf. Code, § 11383, subd. (c); the 2002 conviction) and (2) a 2016 conviction for evading a peace officer (Veh. Code, § 2800.2; the 2016 conviction).  (*Hernandez v. City of Pomona* (2009) 46 Cal.4th 501, 506, fn. 1 [factual statements in a brief may be treated as an admission or stipulation when adverse to the party making it].)

---

[1] On our own motion, we take judicial notice of the record in defendant's previous appeal.  (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

## DISCUSSION

Defendant contends the trial court abused its discretion in imposing the upper term. Specifically, he contends that the trial court's use of the 1996 conviction as the basis of an aggravating factor was insufficient for an upper term because of the conviction's age. We disagree.

Penal Code section 1170, subdivision (b)(3) allows a defendant's prior convictions to be used as the basis for aggravating factors to impose an upper term. (Pen. Code, § 1170, subd. (b)(1)-(3).) As our Supreme Court has recognized, consideration of prior convictions may establish one or more recidivism-based factors in aggravation. (*People v. Capistrano* (2014) 59 Cal.4th 830, 884.) And a trial court's selection of a term under Penal Code section 1170 is reviewed for abuse of discretion. (*People v. Salazar* (2023) 15 Cal.5th 416, 428, fn. 8.) There is no abuse of discretion unless the decision "is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

Here, defendant admitted the 1996 conviction for manufacturing a controlled substance and does not question the court's authority to consider the nature of a prior conviction for purposes of sentencing.[2] The fact that defendant was convicted of the same crime in 2020, albeit over 20 years later, supports a factor in aggravation based on recidivism. (See Cal. Rules of Court, rule 4.421(b), (c).) Moreover, while the 1996 conviction may have been relatively remote in time, it was bridged, as defendant acknowledges, by a prison sentence, the 2002 conviction, and the 2016 conviction. Based on defendant's lack of a legally blameless life in the years since the 1996 conviction (see *People v. Harris* (1998) 60 Cal.App.4th 727, 739 [staleness of offense

---

[2] As a result, the issue on review in *People v. Wiley* (2023) 97 Cal.App.5th 676, 685, review granted Mar. 12, 2024, S283326, is not implicated here.)

relevant only if defendant has led a blameless life in the interim]), a reasonable sentencing court could find the remote nature of the 1996 conviction significantly diluted.

Defendant also appears to contend that the court should have considered the unsophisticated nature and small amount of contraband involved in the 2020 conviction as mitigating factors. This contention fails for two reasons. First, defendant provides no supporting record citations. (*Le Mere v. Los Angeles Unified School Dist.* (2019) 35 Cal.App.5th 237, 248 [claim not supported by record cites is forfeited].) And second, "sentencing courts have wide discretion in weighing aggravating and mitigating factors." (*People v. Avalos* (1996) 47 Cal.App.4th 1569, 1582.) The record indicates that the trial court considered possible mitigating factors and concluded that they were outweighed by the repeat conviction for manufacturing controlled substances. Defendant makes no clear showing that this weighing of factors was arbitrary or irrational.

For these reasons, the trial court acted within its discretion in imposing the upper term.

**DISPOSITION**

The judgment is affirmed.

/s/_____
MESIWALA, J.

We concur:

/s/_____
EARL, P. J.

/s/_____
MAURO, J.

4