Filed 8/18/22  Cano v. Delano Union School Dist. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DAVIN CANO, et al.,<br><br>    Plaintiffs and Appellants,<br><br>        v.<br><br>DELANO UNION SCHOOL DISTRICT,<br><br>    Defendant and Respondent. | F081145<br><br>(Super. Ct. No. BCV16101260)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Kern County.  Stephen D. Schuett, Judge.

Rodriguez & Associates, Daniel Rodriguez, Joel T. Andreesen, Joseph Whittington; Esner, Chang & Boyer, Andrew N. Chang and Kevin K. Nguyen, for Plaintiffs and Appellants.

Herr Pedersen & Berglund, Leonard C. Herr and Caren L. Curtiss, for Defendant and Respondent.

-ooOoo-

Plaintiffs and appellants Davin Cano and Edie Cano (together, the "plaintiffs") appeal from an order granting defendant and respondent Delano Union School District's (the "District") motion for judgment on the pleadings.  No judgment has been entered in

this case. We dismiss this appeal for lack of jurisdiction because the order appealed from is not appealable. (Code Civ. Proc., § 904.1, subd. (a); *Sanchez v. Westlake Services, LLC* (2022) 73 Cal.App.5th 1100, 1105 (*Sanchez*).)

## FACTS

On April 18, 2015, Charles Michael Bledsoe was exiting a Wells Fargo parking lot in his car when he hit Davin Cano, who was on his motorcycle. On June 3, 2016, Davin and his wife, Edie, filed suit against Bledsoe and Wells Fargo Bank, N.A., which owned the parking lot Bledsoe was exiting. On July 7, 2016, plaintiffs filed their first amended complaint alleging causes of action for (1) "motor vehicle," (2) "premises liability," and (3) "general negligence."

On May 23, 2017, Bledsoe was deposed. Plaintiffs learned at the deposition Bledsoe had been working for the District for 25 years but was driving his own vehicle the day of the accident. Bledsoe attended a professional development workshop that day for his job with the District and stopped at the Wells Fargo on his way home to activate an ATM card. He served on the board of directors of the Kern Association for the Education of Young Children, and the ATM card was for expenditures for that organization.

On June 9, 2017, more than two years after the accident, plaintiffs amended their complaint, adding the District as a defendant. On July 31, 2017, the District answered. The answer's fifth affirmative defense asserted Government Code section 945.6[1] bars all of plaintiffs' causes of action against the District, and the twenty-second affirmative defense asserted all causes of action are barred because plaintiffs failed to comply "with pre-litigation claims-filing requirements."

In June 2019, plaintiffs filed with the District an application for leave to present a late claim under section 911.6, part of the Government Claims Act (§ 810 et seq.) (the

---

[1] Undesignated statutory references are to the Government Code.

"Act"). The application asserted a Government Tort Claim was not filed sooner due to mistake and inadvertence, since Plaintiffs did not discover Bledsoe's employment with the District until his deposition in May 2017. The District denied the application.

On September 10, 2019, plaintiffs filed a petition with the court under section 946.6 for an order relieving them of the Act's claim presentation requirements. Similar to their application to the District, plaintiffs asserted (1) a claim was not filed sooner due to mistake and inadvertence, (2) the District would not be prejudiced if Plaintiffs were excused from having to present a claim, and (3) the District should be estopped from asserting plaintiffs' noncompliance with the Act's claim presentation requirements.

The District opposed the petition. The court denied the petition on October 23, 2019, on three grounds: (1) the application for leave to file a late claim was not properly served on the District, (2) the application was served on the District more than one year after the latest possible date the claim could have accrued, and (3) plaintiffs failed to show mistake, fraud, inadvertence, or excusable neglect.[2]

On October 4, 2019, the District moved for summary judgment, claiming that Bledsoe was not acting within the scope of his employment when the accident happened. The court denied the motion after hearing on January 14, 2020.

The next day, the District filed a motion for judgment on the pleadings, contending plaintiffs failed to allege they presented a tort claim to the District in compliance with section 945.4. Section 945.4 states the general rule that a plaintiff cannot sue a public entity for damages unless he or she complies with the Act's claim statutes. The District also argued plaintiffs should not be granted leave to amend because

---

[2] In their opening brief, plaintiffs list the third ground as the only ground for the court's denial of the petition. They do not mention the first two grounds.

3.

the time to present a claim had passed, and the court had already denied plaintiffs' petition to be excused from presenting a claim.

Plaintiffs opposed on several grounds. First, plaintiffs argued under section 950.4 they did not need to present a claim to the District before bringing it into the lawsuit because they did not know, and had no reason to know within the claims presentation period, that Bledsoe was a District employee acting within the scope of his employment when the accident happened. Second, plaintiffs argued the District must be joined as an indispensable party under Code of Civil Procedure section 389, even though a tort claim was never filed, because the District had a mandatory duty to defend and indemnify Bledsoe under Government Code sections 825 and 995. Lastly, plaintiffs argued they should be granted leave to amend to plead facts showing section 950.4 applies in the circumstances of this case.

The trial court granted the District's motion for judgment on the pleadings without leave to amend. Plaintiffs filed a notice of appeal from the order granting the motion. A judgment has not been entered in this case.

## DISCUSSION

### I. The order appealed from is not appealable

"An appealable order or judgment is a jurisdictional requirement. [Citations.] 'The right to appeal is wholly statutory. [Citation.] Code of Civil Procedure section 904.1 lists appealable judgments and orders.' " (*Sanchez, supra,* 73 Cal.App.5th at p. 1105.) We dismiss this appeal for lack of jurisdiction because an order granting a motion for judgment on the pleadings is not specified in Code of Civil Procedure section 904.1.

In the interest of judicial economy, we note that plaintiffs' appeal would not succeed on the merits; we discuss the reasons why below.

4.

## II.     Merits analysis

Plaintiffs advance three grounds for relief from the Act's claim presentation requirements.  First, they contend section 950.4 applies in the circumstances here to exempt them from having to present a claim.  Second, they argue the District should be estopped from asserting as a defense plaintiffs' failure to comply with the claim presentation requirements.  Third, they contend the District must be joined as an indispensable party under Code of Civil Procedure section 389, notwithstanding they never presented a claim to the District.  They also contend they should have been granted leave to amend their complaint.

We will first explain how all of plaintiffs' causes of action against the District are barred for failure to comply with the Act's claim presentation requirements.  We will then explain how none of the plaintiffs' arguments provide them any relief from those requirements.

### A.     Standard of review

" ' "A judgment on the pleadings in favor of the defendant is appropriate when the complaint fails to allege facts sufficient to state a cause of action.  [Citation.]  A motion for judgment on the pleadings is equivalent to a demurrer and is governed by the same de novo standard of review." ' " (*Travelers Property Casualty Co. of America v. Engel Insulation, Inc.* (2018) 29 Cal.App.5th 830, 834.)

### B.     Plaintiffs' causes of actions against the District are barred

" ' "The Government Claims Act (§ 810 et seq.) 'establishes certain conditions precedent to the filing of a lawsuit against a public entity.  As relevant here, a plaintiff must timely file a claim for money or damages with the public entity.  (§ 911.2.)  The failure to do so bars the plaintiff from bringing suit against that entity.  (§ 945.4.)' " ' " (*Le Mere v. Los Angeles Unified School Dist.* (2019) 35 Cal.App.5th 237, 246.)

Section 911.2, subdivision (a), provides that claims against a public entity for injury to persons or personal property "shall be presented ... not later than six months

5.

after the accrual of the cause of action."  A cause of action accrues for purposes of the Act's claim presentation requirements on the date a similar action against a nonpublic entity would accrue for purposes of applying the relevant statute of limitations.  (§ 901; *John R. v. Oakland Unified School District* (1989) 48 Cal.3d 438, 444, fn. 3.)

A claimant who has failed to present a claim during the six-month period may make "a written application ... to the public entity for leave to present that claim." (§ 911.4, subd. (a).)  The application must be made "within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim."  (§ 911.4, subd. (b).)  "Unless the one-year period is tolled (see § 911.4, subd. (c)), the public entity is 'powerless to grant relief' if an application for leave to file a late claim was presented after the one-year deadline."  (*Coble v. Ventura County Health Care Agency* (2021) 73 Cal.App.5th 417, 421—422.)

If the public entity denies the application for leave to present a late claim, the injured party can petition the court for relief from the claim presentation requirements. (§ 946.6.)  "The court shall relieve the petitioner from the [claim] requirements ... if the court finds that the application to the [public entity for leave to present a late claim] under Section 911.4 was made within a reasonable time not to exceed [one year after the accrual of the cause of action] ... and that one or more [of four criteria] is applicable ...." (§ 946.6, subd. (c).)  One of the criteria is that "[t]he failure to [timely] present the claim was through mistake, inadvertence, surprise or excusable neglect unless the public entity establishes that it would be prejudiced in the defense of the claim ...."  (§ 946.6, subd. (c)(1).)  "Filing a late-claim application within one year after the accrual of a cause of action is a jurisdictional prerequisite to a claim-relief petition.  [Citation.]  When the underlying application to file a late claim is filed more than one year after the accrual of the cause of action, the court is without jurisdiction to grant relief under Government Code section 946.6."  (*Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1779.)

Here, the accident occurred on April 18, 2015, and plaintiffs' causes of action thus accrued on that date. Plaintiffs do not assert their causes of action were tolled under section 911.4, subdivision (c). Thus, the one-year deadline to file a late claim application with the District was April 18, 2016, and the court lost jurisdiction to grant relief under section 946.6 on that date. Plaintiffs did not file their late claim application with the District until June 2019, more than three years after the deadline.

Plaintiffs state they did not learn Bledsoe was a District employee until May 2017, but this would not toll the claims presentation period because ignorance of the defendant's identity is not essential to a cause of action and therefore would not toll the applicable statute of limitations. (*Vaca v. Wachovia Mortgage Corp.* (2011) 198 Cal.App.4th 737, 743; § 901 [cause of action accrues for claim presentation purposes on same date applicable statute of limitations would accrue].) Plaintiffs' claims are barred for failing to timely comply with the Act's claim presentation requirements.

**C.     Government Code section 950.4**

Plaintiffs attempt a few end-runs around the Act's claim presentation requirements. They first argue section 950.4 excuses them from having to present a claim to the District. That section reads in full:

> "A cause of action *against a public employee or former public employee* is not barred by Section 950.2 if the plaintiff pleads and proves that he did not know or have reason to know, within the period for the presentation of a claim to the employing public entity as a condition to maintaining an action for such injury against the employing public entity, as that period is prescribed by Section 911.2 or by such other claims procedure as may be applicable, that the injury was caused by an act or omission of the public entity or by an act or omission of an employee of the public entity in the scope of his employment as a public employee." (Italics added.)

Although plaintiffs admit this statutory exception applies only to actions against public employees and former public employees, they still contend it applies to their causes of action against the District. We decline to apply the exception here because

7.

" ' " '[a]ppellate courts may not rewrite unambiguous statutes' " or "rewrite the clear language of [a] statute to broaden the statute's application." ' " (*In re I.A.* (2019) 40 Cal.App.5th 19, 23.)  The language we have italicized in section 950.4 makes clear the exception does not apply to a cause of action against a public entity.

### D.    Equitable estoppel

Plaintiffs next contend the District should be equitably estopped from asserting as a defense plaintiffs' noncompliance with the Act's claim presentation requirements. Equitable estoppel arises where a prospective defendant induces a prospective plaintiff to forego protecting his or her rights, the plaintiff subsequently attempts to assert the rights, and the defendant raises a defense based on the plaintiff's lapse.  (30 Cal.Jur.3d (2013) Estoppel and Waiver, § 3, p. 824.)

Plaintiffs' factual basis for estoppel is that, after the District was added as a defendant, it "did not indicate it would be asserting" plaintiffs' noncompliance with the Act's claim presentation requirements until nearly two years later.[3]  We conclude Plaintiffs' estoppel argument fails because it is based on actions the District took after the court lost jurisdiction to grant relief under section 946.6.  Plaintiffs do not allege the District did anything between April 18, 2015 (the date of the accident) and April 18, 2016 (the day the court lost jurisdiction to grant relief under section 946.6) to justify applying the estoppel doctrine.  The equitable estoppel doctrine does not apply here.

### E.    Compulsory joinder

Plaintiffs argue the District must be joined under the compulsory joinder statute, Code of Civil Procedure section 389.  Code of Civil Procedure section 389 provides persons materially interested in an action must be joined as parties whenever feasible. (Cal. Law Revision Com. com., 14 West's Ann. Code Civ. Proc. (1973 ed.) § 389,

---

[3] The District's answer asserted as an affirmative defense plaintiffs' failure to comply with applicable "claims-filing requirements."

p. 224.)  These persons are those:  (1) in whose absence complete relief cannot be accorded among those already parties; or (2) who claim an interest relating to the subject of the action and whose absence may either:  (i) as a practical matter impair the ability to protect that interest; or (ii) subject any of the persons already parties to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the unjoined person's interest.  All such persons who are subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action must be joined as parties.  (Code Civ. Proc., § 389, subd. (a).)

Plaintiffs maintain the District must be joined under both subdivisions (a)(1) and (2) of Code of Civil Procedure section 389 because the District has a "mandatory duty" to defend and indemnify Bledsoe here under Government Code sections 995 and 825.

An accurate reading of sections 995 and 825 shows that neither compels joining the District.  Section 995 reads in relevant part:

> "Except as otherwise provided in Sections 995.2 and 995.4, *upon request of an employee or former employee*, a public entity shall provide for the defense of any civil action or proceeding brought against him, in his official or individual capacity or both, on account of an act or omission in the scope of his employment as an employee of the public entity."  (Italics added.)

Section 825, subdivision (a), provides in part:

> "Except as otherwise provided in this section, *if an employee or former employee of a public entity requests the public entity to defend him or her against any claim or action against him or her for an injury arising out of an act or omission occurring within the scope of his or her employment as an employee of the public entity* and the request is made in writing not less than 10 days before the day of trial, and the employee or former employee reasonably cooperates in good faith in the defense of the claim or action, the public entity shall pay any judgment based thereon or any compromise or settlement of the claim or action to which the public entity has agreed."  (Italics added.)

In paraphrasing sections 995 and 825 in their briefing, plaintiffs omit the italicized language providing that the two statutes apply only if the employee requests the public

9.

entity defend him or her. Thus, the "mandatory" duty to defend and indemnify that plaintiffs stress is not automatic; the duty is triggered only if the employee tenders the defense to the public entity.

The record does not show whether Bledsoe has requested the District defend him, but this is inconsequential because there is no requirement the District be a party in the action to defend and indemnify Bledsoe. Plaintiffs even admit this in their opening brief, stating, "The public entity employer, *even when not joined as a defendant*, has a statutory duty to indemnify the employee in such cases, at least in the absence of actual fraud, malice, or corruption, or failure of the employee to cooperate in the defense of the action. See Govt C §§825—825.6[.]" (Italics added.) Thus, if Bledsoe has tendered the defense to the District and the District has agreed to defend him, the District can continue to defend and indemnify Bledsoe without being a party itself.

Plaintiffs also assert that complete relief cannot be afforded to the parties in the case without joining the District (§ 389, subd. (a)(1)). However, plaintiffs offer no analysis of why complete relief cannot be afforded the parties without the District. We reject the unsupported contention.

### F.    Leave to amend

"Whether a motion for judgment on the pleadings should be granted with or without leave to amend depends on 'whether there is a reasonable possibility that the defect can be cured by amendment....' (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318[…] [stating rule applied to a general demurrer].) When a cure is a reasonable possibility, the trial court abuses its discretion by not granting leave to amend and a reviewing court must reverse. (*Ibid.*) 'The burden of proving such reasonable possibility is squarely on the plaintiff.' " (*Mendoza v. Continental Sales Co.* (2006) 140 Cal.App.4th 1395, 1402.) As explained, Plaintiffs' failure to comply with the Act's claim statutes bars their causes of action against the District. The trial court was correct to deny leave to amend.

**DISPOSITION**

The appeal is dismissed for lack of jurisdiction.  Respondent is awarded its costs on appeal.


SNAUFFER, J.

WE CONCUR:


FRANSON, ACTING P. J.


SMITH, J.

11.