Filed 5/1/24; certified for publication 5/21/24 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| JOHN SANDY CAMPBELL, | B320442 |
| Plaintiff and Appellant, | Los Angeles County Super. Ct. No. 21STCV33808 |
| v. | |
| LOS ANGELES UNIFIED SCHOOL DISTRICT, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael L. Stern, Judge. Affirmed.

John Sandy Campbell, in pro. per., for Plaintiff and Appellant.

Anthony Julian Bejarano, Marcos Fredrick Hernandez and Nazli Alimi for Defendant and Respondent.

_____

In September 2021, John Sandy Campbell sued her former employer, the Los Angeles Unified School District, over events leading up to her dismissal in August 2017.

The trial court sustained the District's demurrer and gave Campbell leave to amend.

Campbell's amended complaint claims the District racially discriminated against her and retaliated against her for whistleblowing, in violation of Labor Code sections 1102.5 and 1106 and Government Code section 12940 (the Fair Employment and Housing Act (the Act)). The District again demurred, arguing Campbell had not complied with the Government Code's claim presentation requirement and the statute of limitations barred her cause of action under the Act.

The trial court again sided with the District and sustained this demurrer without leave to amend on the basis of *Le Mere v. Los Angeles Unified School District* (2019) 35 Cal.App.5th 237 (*Le Mere*) and Government Code section 12965, subdivision (c)(1)(C). Campbell did not provide a reporter's transcript or a settled statement of the hearing.

We independently review the trial court's ruling and apply the familiar standard for demurrers. (See *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

The trial court was right.

A plaintiff suing a public entity for damages must timely present a written claim to the entity before filing suit. (*Le Mere*, *supra*, 35 Cal.App.5th at p. 246.) Generally, this claim presentation requirement is an element of a valid cause of action against a public entity. (*Willis v. City of Carlsbad* (2020) 48 Cal.App.5th 1104, 1119 (*Willis*).) Government Code section 911.2, subdivision (a), requires a plaintiff to submit a government

claim within six months or one year of the accrual of a cause of action, depending on the type of claim.  Failing to present a timely claim, or to seek leave to file a late claim, bars the suit. (See *Le Mere*, *supra*, 35 Cal.App.5th at p. 246.)

Campbell's operative pleading seeks actual and punitive damages.  Campbell concedes the claim presentation requirement applies here.  Citing Government Code sections 910.8 and 911, which concern insufficient government claims, Campbell appears to argue substantial compliance is enough and she substantially complied with this requirement.

Assuming for purposes of analysis her interpretation of these provisions is correct, Campbell did not demonstrate she substantially complied with the claim presentation requirement. Simply noting that she previously submitted various racial discrimination and whistleblower complaints is not enough. (E.g., *Willis*, *supra*, 48 Cal.App.5th at p. 1123, fn. 11, citations omitted ["Willis maintains the Labor Commissioner complaint put City 'on notice' of his retaliation claim.  But he does not cite authority for the proposition, and service of a complaint with the *state Labor Commissioner* does not comply with Government Claims Act presentation requirements for purposes of a claim against City. Nor is it the equivalent of 'substantial compliance' with the Act."].)  And it is not enough to say the District already knew of the circumstances surrounding Campbell's claims.  (See *Le Mere*, *supra*, 35 Cal.App.5th at p. 246.)

The record appears to contain only Campbell's pre-complaint inquiry *to the California Department of Fair Employment and Housing*, dated August 21, 2017, and related correspondence.

Campbell has not shown that any of her complaints went to the right people or contained the information required by statute. (See Gov. Code, § 910 [setting out the required contents of a government claim]; *id.* § 915, subd. (a) [requiring service of a claim against a local public entity to be made on the "clerk, secretary or auditor thereof" or to the "governing body"]; see also *Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 [we presume the judgment is correct; appellant bears the burden of demonstrating error].) Further, Campbell's amended complaint did not plead compliance with the claim presentation requirement. (See *Willis*, *supra*, 48 Cal.App.5th at p. 1119 ["a complaint failing to allege facts demonstrating timely presentation of a claim or that such presentation was excused is subject to a general demurrer for not stating facts sufficient to constitute a cause of action"].)

Campbell alternatively appears to contend she is exempt from presenting any government claim. But she cites no authority for this point and fails to explain why *Le Mere* is not controlling regarding her whistleblower claim.

Regarding Campbell's other claim for violation of the Act, Campbell's amended complaint shows this claim is time-barred.

The attachments to this pleading show Campbell, in 2017, initiated a complaint with the Department of Fair Employment and Housing, which investigated and closed Campbell's case after finding insufficient evidence. The Department provided Campbell a Right to Sue notice dated October 9, 2018. The notice told Campbell she had one year to file a civil action. Campbell did not sue until September 2021. Her suit was untimely. (See Gov. Code, § 12965, subd. (c)(1)(C).)

Campbell argues the trial court abused its discretion in not considering *Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103 (*Jolly*),

and the discovery rule saves her lawsuit because she could not have known earlier who perpetrated certain wrongful acts against her or the animus behind these acts. Campbell largely omits record citations. Her 2017 pre-complaint inquiry to the Department named the administrators who committed transgressions against her and described the supposed racial animus and hostile workplace.

"A plaintiff need not be aware of the specific 'facts' necessary to establish the claim; that is a process contemplated by pretrial discovery. Once the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, she must decide whether to file suit or sit on her rights. So long as a suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her." (*Jolly*, *supra*, 44 Cal.3d at p. 1111.) Campbell had enough information here. In any event, she sued the *District* for employment-related acts resulting in her termination, not any individual she recently discovered. (Campbell also sued the "Los Angeles Board of Education," but the trial court apparently changed this name to "Los Angeles Unified School District of Education.")

The trial court properly sustained the District's demurrer without leave to amend. Campbell's appellate brief does not argue any amendment could cure the defects.

///

///

///

///

///

///

///

## DISPOSITION

We affirm the judgment and order sustaining the demurrer without leave to amend and award costs to the respondent.


WILEY, J.

We concur:


STRATTON, P. J.


GRIMES, J.

Filed 5/21/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| JOHN SANDY CAMPBELL,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>LOS ANGELES UNIFIED SCHOOL DISTRICT,<br><br>    Defendant and Respondent. | B320442<br><br>(Los Angeles County<br>Super. Ct. No. 21STCV33808)<br><br>**ORDER CERTIFYING<br>OPINION<br>FOR PUBLICATION**<br><br>**[No change in judgment]** |

THE COURT:

The opinion in the above-entitled matter filed on May 1, 2024, was not certified for publication in the Official Reports. For good cause, it now appears that the opinion should be published in the Official Reports and it is so ordered.

There is no change in the judgment.

_____

STRATTON, P. J.           GRIMES, J.           WILEY, J.