Filed 4/22/25  Marriage of Eberly CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re Marriage of TINA C. and VANCE C. EBERLY. | |
| TINA C. EBERLY,<br><br>    Appellant,<br><br>        v.<br><br>VANCE C. EBERLY,<br><br>    Respondent. | G062922<br><br>(Super. Ct. No. 13D003802)<br><br>O P I N I O N |

        Appeal from a judgment of the Superior Court of Orange County, James L. Waltz, Judge. Affirmed.

        Tina C. Eberly, in pro. per., for Appellant.

        Vance C. Eberly in pro. per., for Respondent.

Tina C. Eberly (Tina) appeals from a judgment in a protracted and contentious marital dissolution proceeding between her and Vance C. Eberly (Vance).[1] Tina contends the judgment filed on May 2, 2023 must be reversed because the trial court: (1) acted as an advocate for Vance and not as a neutral arbiter; (2) denied her request to continue the trial; and (3) did not respond to her request for a statement of decision. We affirm.

## BACKGROUND

From what we can discern from the limited appellate record, a petition for dissolution of Tina and Vance's marriage was filed in 2013. A trial took place over several dates in November and December 2022 concerning property, support, attorney fees and costs, breach of fiduciary duties, and arrears.

## DISCUSSION

### I.

### FORFEITURE OF APPELLATE CLAIMS

We begin our opinion with a brief discussion of basic appellate principles and requirements. An understanding of these principles and adherence to these requirements are necessary for a successful appeal, and these principles and requirements apply equally to propria persona litigants as well as attorneys. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

"'[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an

---

[1] For ease of reference and pursuant to the custom in family law cases, we refer to the parties by their first names. (*In re Marriage of Gray* (2007) 155 Cal.App.4th 504, 508, fn. 1 (*Gray*).) No disrespect is intended.

appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.]' [Citation.] 'This means that an appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim. The appellant must present an adequate argument including citations to supporting authorities and to relevant portions of the record.'" (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 619–620.)

To overcome the presumption the judgment is correct, "the appellant must provide an adequate appellate record demonstrating error. [Citation.] '"A necessary corollary to this rule [is] that a record is inadequate . . . if the appellant predicates error only on the part of the record he [or she] provides the trial court, but ignores or does not present to the appellate court portions of the proceedings below which may provide grounds upon which the decision of the trial court could be affirmed." [Citation.]' [Citation.] Where the appellant fails to provide an adequate record of the challenged proceedings, we must presume that the appealed judgment or order is correct, and on that basis, affirm." (*Jade Fashion & Co., Inc. v. Harkham Industries, Inc.* (2014) 229 Cal.App.4th 635, 644; accord, *Modaraei v. Action Property Management, Inc.* (2019) 40 Cal.App.5th 632, 636, fn. 6.)

The California Rules of Court impose requirements for the appellate record and briefs. These rules require an appellate record contain "[a] record of the written documents from the superior court proceedings" in a clerk's transcript, an appendix, or suitable substitute (Cal. Rules of Court, rule 8.120(a)(1)) and a record of the oral proceedings (*id.*, rule 8.120(b)). (All rule references are to the California Rules of Court.) Whether proceeding by a clerk's transcript or appendix, an appellant must include in the appellate

3

record: the judgment or order appealed from, the notice of appeal, any motion for new trial, the register of actions, and documents filed in the superior court necessary for consideration of the appellate issues. (Rules 8.122(b)(1), (3)(A) & 8.124(b)(1)(A)–(B).)

The California Rules of Court also require an appellant's opening brief "[p]rovide a summary of the significant facts limited to matters in the record." (Rule 8.204(a)(2)(C).) In their appellate briefs, litigants must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Rule 8.204(a)(1)(C).) "If a party fails to support an argument with the necessary citations to the record, the argument will be deemed waived." (*LA Investments, LLC v. Spix* (2022) 75 Cal.App.5th 1044, 1061.) Record citations are important because an appellate court is not required to search the record for facts to support a party's argument. (*Nwosu v. Uba, supra*, 122 Cal.App.4th at p. 1246.)

In this appeal, Tina elected to proceed with an appendix in lieu of a clerk's transcript. (Rule 8.124(a)(1)(A).) This is perfectly acceptable, but Tina has not complied with the rules that govern the contents of an appellant's appendix. She has omitted several important documents, including: the judgment she is appealing, the notice of appeal, the register of actions, the notice of election, and other documents necessary for proper consideration of her appeal. (Rules 8.124(b)(1)(A)–(C), 8.122(b)(1) & (3)(A).)

It is reasonable to believe the size of the superior court record in this 10-year dissolution matter is voluminous. In her appendix, Tina has supplied this court with only six items: five documents she filed in the superior court and a minute order by the court. She did not include any documents Vance filed in the trial court. By electing to proceed with an

4

appendix, Tina may have endeavored to omit items she believed unnecessary to the appellate issues, but she has also omitted items required by the California Rules of Court. This has a devasting impact on her appeal because the "'[f]ailure to provide an adequate record on an issue requires that the issue be resolved against [her].'" (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)

This is not the only deficiency in Tina's appeal. Throughout much of her opening and reply briefs, Tina cites to facts outside the record. Her summary of the facts and procedural history of the case, which spans approximately 17 pages of the opening brief, includes only a few citations to the reporter's transcript, and she does not set forth all the evidence presented at trial. She did not cite to the appellant's appendix once in her opening brief. Thus, Tina's brief violates multiple provisions of rule 8.204. (Rule 8.204(a)(1)(C) [support reference to matter in the record with citation to the record where matter appears]; rule 8.204(a)(2)(C) ["provide a summary of the significant facts limited to matters in the record"].) Vance's brief also violates the rule as it too includes facts outside the record and lacks any citation to the record.

Unfortunately, the deficiencies in the appellate record and briefs hamper our analysis of Tina's appellate claims. In the three arguments Tina makes in the discussion section of her opening brief, she does not cite to any

portion of the record to support these arguments.[2] When an appellant fails to support an argument with citation to the record, an appellate court may deem the contention without foundation and forfeited. (*LA Investments, LLC v. Spix, supra*, 75 Cal.App.5th at p. 1061; *Le Mere v. Los Angeles Unified School Dist.* (2019) 35 Cal.App.5th 237, 248.) By failing to provide an adequate appellate record and no record citations to support her arguments, Tina has forfeited her appellate claims. Nevertheless, we entertain the arguments she raises on appeal.

## II.

### ALLEGATIONS OF BIAS

Tina contends the judge who presided over the trial "was not acting as a neutral arbiter and instead as an advocate for Vance and other actors running interference with the marital contract." She asserts "[t]he court's decision to ignore, material evidence such as when Vance concealed key facts in an effort to hid[e] assets is telling in it of itself." Tina does not explain who the "other actors running interference with the marital contract" are or how the court acted as an advocate for them. As to her contention the court acted as an advocate for Vance, she does not support this contention

---

[2] To the extent Tina raised additional legal arguments in other portions of her brief or at oral argument, these arguments have been forfeited as they were not included in the discussion section of her opening brief, under appropriate headings, and with citation to the record or authority. (*Tsakopoulos Investments, LLC v. County of Sacramento* (2023) 95 Cal.App.5th 280, 310 ["'Failure to provide proper headings forfeits issues that may be discussed in the brief but are not clearly identified by a heading'"]; rule 8.204(a)(1)(B) [each point in a brief must be stated under a separate heading and supported by argument and citation of authority].) We decline to address any such forfeited arguments. (*Barber Group, Inc. v. New Motor Vehicle Bd.* (2023) 93 Cal.App.5th 1025, 1036, fn. 4.)

with a sufficient record or citations to the record.[3] Thus, we may deem it forfeited.

Even if we were to consider the merits of this contention, we would conclude it is without merit. Litigants have "a due process right to an impartial trial judge under the state and federal Constitutions." (*People v. Guerra* (2006) 37 Cal.4th 1067, 1111, disapproved on another ground in *People v. Rundle* (2008) 43 Cal.4th 76, 151, which was disapproved on another ground in *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22.) "The due process clause of the Fourteenth Amendment requires a fair trial in a fair tribunal before a judge with no actual bias against the [parties] or interest in the outcome of the case." (*Guerra*, at p. 1111.)

"Accusations of judicial bias are serious, and we treat them as such." (*People ex rel. Harris v. Sarpas* (2014) 225 Cal.App.4th 1539, 1557.) But "serious accusations against a trial judge" must "be supported by concrete evidence." (*Cornerstone Realty Advisors, LLC v. Summit Healthcare REIT, Inc.* (2020) 56 Cal.App.5th 771, 793.) Tina's showing is insufficient.

A trial court has the authority to exercise reasonable control over the proceedings before it. (Code Civ. Proc., § 128, subd. (a)(5); *In re Marriage of Woolsey* (2013) 220 Cal.App.4th 881, 895–896.) Here, the trial court noted both parties were self-represented and had "a long history of disrupting the proceedings, acting out, arguing and bickering with each other and the judge." As we discuss below, the court denied Tina's request to continue the trial and her request for a statement of decision. The trial court's denial of

---

[3] It appears Tina filed a statement of disqualification as to the trial judge in 2020 and 2022. The record does not contain the court's ruling on either.

Tina's requests does not establish judicial bias or advocacy for Vance. (*People v. Armstrong* (2019) 6 Cal.5th 735, 798 ["a judge's 'rulings against a party—even when erroneous—do not establish a charge of judicial bias, especially when they are subject to review'"].)

## III.

### REQUEST FOR A CONTINUANCE

Tina contends the court committed reversible error by failing to grant her continuance request on November 23, 2022. She asserts the court's refusal to grant her request to continue the trial and pretrial discovery is reversible error as the court "did not exercise [its] discretion with due regard to [her] interests . . . and instead appeared to be thinking only of the interests of Vance." Again, Tina does not cite to the record to support her contention, not even to her continuance request, and we may deem the issue forfeited. Nevertheless, reaching the merits of her contention, we find no abuse of the court's discretion.

On November 23, 2022, Tina filed an ex parte request to continue the trial and all discovery cut-off deadlines. She requested the trial, which was scheduled to begin on November 29, 2022, be continued to a date after May 31, 2023. She stated there was good cause for the continuance because the report by the court-appointed forensic accountant revealed a bank account that was not previously disclosed to her, and Vance's income and expense form indicated he received an additional check for the sale of the surgery center, from which Tina had not received "her portion of the proceeds." She asserted she had not had an opportunity to review the documents the court-appointed forensic accountant considered. The court denied the continuance request for untimeliness, failure to show good cause, and inadequate notice to the other party.

"We review a trial court's order denying a continuance for an abuse of discretion. [Citation.] 'The decision to grant or deny a continuance is committed to the sound discretion of the trial court. [Citation.] The trial court's exercise of that discretion will be upheld if it is based on a reasoned judgment and complies with legal principles and policies appropriate to the case before the court. [Citation.] A reviewing court may not disturb the exercise of discretion by a trial court in the absence of a clear abuse thereof appearing in the record.'" (*Reales Investment, LLC v. Johnson* (2020) 55 Cal.App.5th 463, 468.)

"Trial continuances are 'disfavored' and may be granted 'only on an affirmative showing of good cause.' (Cal. Rules of Court, rule 3.1332(c).)" (*Reales Investment, LLC v. Johnson, supra*, 55 Cal.App.5th at p. 468.) Among the factors the court may consider when ruling on an application for continuance are: "(1) The proximity of the trial date; [¶] (2) Whether there was any previous continuance, extension of time, or delay of trial due to any party; [¶] (3) The length of the continuance requested; [¶] (4) The availability of alternative means to address the problem that gave rise to the motion or application for a continuance; [¶] (5) The prejudice that parties or witnesses will suffer as a result of the continuance; [¶] . . . [¶] (10) Whether the interests of justice are best served by a continuance, by the trial of the matter, or by imposing conditions on the continuance; and [¶] (11) Any other fact or circumstance relevant to the fair determination of the motion or application." (Rule 3.1332(d).) In the interest of judicial economy, trial continuances are generally disfavored and only granted for good cause. (Rule 3.1332(c).)

We find no abuse of the court's discretion in denying Tina's request to continue the trial. It appears from the record we have, trial on the

9

issues in the judgment was trifurcated and originally scheduled to begin in December 2020. At that time, the court believed the trial had been long delayed. For reasons that are not entirely clear from the limited record, the matter was continued and again set for trial at the end of November 2022. By this time, the dissolution matter had been ongoing for more than nine years. Tina's explanation Vance had a previously undisclosed bank account did not constitute good cause for a continuance as she did not explain why this new information necessitated a six-month continuance when it had been considered by the court-appointed forensic accountant in preparing his report. Given the age of the case, the court reasonably concluded good cause for another continuance had not been provided.

## IV.

### STATEMENT OF DECISION

Tina contends the court committed prejudicial error by failing to respond to her request for a statement of decision. She asserts the trial court's statement of decision "discounts and or ignores key facts within the record thereby preventing [this] court from [ ]effectively performing a review of the material issues." The record does not contain the court's statement of decision; nor does Tina identify what key facts were ignored or discounted. Thus, we cannot analyze Tina's contention the trial court's statement of decision was insufficient.

## DISPOSITION

The judgment filed on May 2, 2023 is affirmed. Respondent is entitled to costs on appeal.


MOTOIKE, J.

WE CONCUR:


MOORE, ACTING P. J.


SANCHEZ, J.