Filed 1/13/26  Naeini v. TD Ameritrade Clearing CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| AVA NAEINI,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>TD AMERITRADE CLEARING, INC. et al.,<br><br>    Defendants and Respondents. | B343830<br><br>(Los Angeles County Super. Ct. No. 24SMCP00143) |

APPEAL from a judgment of the Superior Court of Los Angeles County, H. Jay Ford III, Judge.  Affirmed.

Ava Naeini, in pro. per., for Plaintiff and Appellant.

Keesal, Young & Logan, Christopher A. Stecher and Adriana F. Erquiaga, for Defendants and Respondents.

—————————————

Plaintiff and appellant Ava Naeini appeals a trial court judgment confirming an arbitration award in favor of defendants and respondents TD Ameritrade Clearing, Inc. and TD Ameritrade Inc. (collectively, Ameritrade). As discussed below, Naeini has forfeited her appellate contentions by filing a brief without any citations to the record and with minimal legal argument. Even absent forfeiture, Naeini has not provided sufficient evidence to require vacating the arbitration award under Code of Civil Procedure section 1286.2, subdivisions (a)(3) or (a)(5).[1] Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

In October 2022, Naeini's then counsel filed a statement of claim on her behalf with the Financial Industry Regulatory Authority ("FINRA") seeking damages from Ameritrade based on claims of negligence and breach of fiduciary duty in connection with stock trades Naeini executed through Ameritrade in 2021. In essence, Naeini claimed that the default settings of

---

[1] All further statutory references are to the Code of Civil Procedure.

[2] An appellant's opening brief must contain "a summary of the significant facts" relevant to the issues raised in the appeal, supported by a citation to the page number of the record where each fact appears. (Cal. Rules of Court, rule 8.204(a)(2)(C).) The factual summary in Naeini's opening brief lacks any citations to the appellate record. Nonetheless, we have briefly summarized the relevant facts based on our independent review of the record.

Ameritrade's website misled Naeini into incurring a greater tax liability than she would have incurred had Ameritrade transparently disclosed the default method used for selling shares, and had she been asked to choose from among four available tax treatment options at the time of her trades. She sought compensatory damages of at least $100,000 for her tax liability, as well as punitive and other damages. Naeini represented herself at the arbitration hearing, which took place before a panel of three arbitrators over two days in December 2023. In January 2024, the panel unanimously denied her claims by way of a written award.

Naeini filed a petition to vacate the arbitration award, asserting all six available grounds for vacating an award under section 1286.2, subdivision (a). Her petition attached several documents, including her statement of claim, the arbitration award, and a December 18, 2023 document titled FINRA Dispute Resolution, apparently authored by Naeini and seeking the removal and replacement of the chair of the arbitration panel based on allegations of bias.

The trial court denied Naeini's petition to vacate, noting that Naeini had "fail[ed] to submit any declaration, evidence or authority to support her petition." After judgment was entered in favor of Ameritrade, Naeini timely appealed.

## DISCUSSION

### A.    Naeini Has Forfeited Her Contentions on Appeal

We begin by addressing the inadequacy of Naeini's appellate briefs.  It is a fundamental principle of appellate procedure that the trial court's order is presumed to be correct.  To overcome the presumption of correctness, an appellant "must affirmatively establish prejudicial error by providing an adequate record, citing to the record, and presenting a persuasive argument with citations to supportive legal authorities.  (Cal. Rules of Court, rule 8.204(a)(1)(B), (C); *Jameson v. Desta* (2018) 5 Cal.5th 594, 609; *Lee v. Kim* (2019) 41 Cal.App.5th 705, 721; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.)"  (*LNSU #1, LLC v. Alta Del Mar Coastal Collection Community Assn.* (2023) 94 Cal.App.5th 1050, 1070 (*LNSU*).)  These principles apply regardless of whether a party is self-represented or represented by an attorney.  (*Nwosu, supra*, 122 Cal.App.4th at pp. 1246–247.)

"It is not our role as an appellate court independently to review the record for error and to construct arguments for appellants that would require reversal of the judgment.  (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153; *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)"  (*LNSU, supra*, 94 Cal.App.5th at p. 1070.)  Instead, " ' "[w]hen an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." ' "  (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956; see also *In re*

4

*Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 ["The absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived"].)  We disregard any factual assertions or arguments that are unsupported by proper record citations.  (See Cal. Rules of Court, rule 8.204(a)(1)(C); *Le Mere v. Los Angeles Unified School Dist.* (2019) 35 Cal.App.5th 237, 248; *Fierro v. Landry's Restaurant Inc.* (2019) 32 Cal.App.5th 276, 281, fn. 5.)

Naeini makes numerous factual assertions about the evidence she presented to the arbitrators, the extent to which the arbitrators ignored her evidence, and their statements and conduct during the arbitration.  However, none of these assertions is supported by any citation to the appellate record.  In addition, while Naeini's opening brief does contain citations to some cases, the cases are generally inapposite and do not support her conclusory arguments.  Even after Ameritrade raised the issue of lack of citations to the record and authorities in the respondent's brief, Naeini filed a reply brief with numerous conclusory allegations and no record citations.  Accordingly, we conclude that Naeini has forfeited each of her appellate contentions.

**B.     Naeini Has Not Shown Legal Error**

Even if we were to review the merits of Naeini's legal arguments, the record provided is woefully lacking in any evidence to support her assertion of arbitrator misconduct sufficient to support vacating the arbitration award against her.

We apply a de novo standard of review to the trial court's order denying a motion to vacate an arbitration award.  (*Advanced Micro*

5

*Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 376, fn. 9 (*AMD*); *Ortiz v. Elmcrest Care Center, LLC* (2024) 106 Cal.App.5th 594, 608.) In reviewing the trial court's decision, we keep in mind that the trial court's role in evaluating the arbitrator's decision is necessarily limited. " 'Generally, courts cannot review arbitration awards for errors of fact or law, even when those errors appear on the face of the award or cause substantial injustice to the parties. [Citation.]' " (*Sargon Enterprises, Inc. v. Browne George Ross LLP* (2017) 15 Cal.App.5th 749, 763.) "The principle of arbitral finality, the practical demands of deciding on an appropriate remedy . . . , and the prior holdings of [the California Supreme Court] all dictate that arbitrators, unless expressly restricted by the agreement or the submission to arbitration, have substantial discretion to determine the scope of their contractual authority to fashion remedies, and that judicial review of their awards must be correspondingly narrow and deferential." (*AMD,* at p. 376.)

The only grounds for judicially vacating an arbitration award are set by statute. (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 10.) The exceptions to the general limits on judicial review of arbitration awards identified at section 1286.2, subdivision (a), are for extreme circumstances to "protect against error that is so egregious as to constitute misconduct or so profound as to render the process unfair. The Legislature has authorized 'judicial review in circumstances involving *serious problems* with the award itself, or with the fairness of the arbitration process.' (*Moncharsh, supra*, 3 Cal.4th at p. 12, italics added.) ' "The statutory provisions for [review of an arbitration award] are manifestly for the sole purpose of preventing the misuse of the proceeding, where corruption, fraud, misconduct, gross error, or mistake has been carried into the award to the substantial prejudice of a party to the proceeding." '

6

[Citation.]" (*Heimlich v. Shivji* (2019) 7 Cal.5th 350, 368, fn. omitted.) An arbitrator's erroneous factual determinations or legal conclusions do not establish grounds to vacate the award. (*Id.* at p. 367.)

Naeini contends on appeal that her motion to vacate should have been granted based on arbitrator bias and misconduct (§ 1286.2, subd. (a)(3)) and the panel's refusal to consider relevant evidence (*id.*, subd. (a)(5)). However, the only evidence Naeini presented to the trial court was her own December 18, 2023 allegations that the chair of the arbitration panel was biased against her. The document was not executed under penalty of perjury, and simply contains Naeini's own assertions that an attached exhibit[3] would "show the chair is biased and disqualified" and asking for "the chair to be removed and replaced with someone who is mentally and emotionally stable, is experienced with technology and doesn't have cognitive or behavioral issues that will lead to waste of time, getting groomed or bribed by respondents and unjust practices of law." As the trial court noted, "Naeini does not provide any evidence other than her subjective view that arbitrators were biased or corrupt, and thus Naeini does not meet her burden to show bias."

Naeini's conclusory assertions are inadequate to support vacating an arbitration award. (*Guseinov v. Burns* (2006) 145 Cal.App.4th 944, 957 ["party claiming bias bears the burden of establishing facts supporting its position"].)

---

[3] The purported "exhibit" is a single page in the clerk's transcript, identified as Exhibit 1, that appears to include inoperable links to the two days of arbitration hearings.

## DISPOSITION

The judgment is affirmed.  Costs on appeal are awarded to defendants and respondents TD Ameritrade Clearing, Inc. and TD Ameritrade Inc.

NOT TO BE PUBLISHED.

MOOR, J.

WE CONCUR:


BAKER, Acting P. J.


KIM (D.), J.