### LEDOUX v. FORESTER et al.

(Circuit Court, D. Washington, E. D.  May 22, 1899.)

1. MINING CLAIMS—VALIDITY OF LOCATION—PRIOR DISCOVERY OF VEIN OR LODE.
   The provisions of Rev. St. § 2320, that no location of a mining claim shall be made until the discovery of the vein or lode within the limits of the claim located, is mandatory; and, to sustain an adverse claim filed against an application for a patent on a mining claim on the ground of a prior conflicting location, there must be evidence reasonably tending to show such discovery before the prior location was made.

2. SAME—MARKING BOUNDARIES OF LOCATION.
   Under Rev. St. § 2324, requiring a mining location to be distinctly marked on the ground so that its boundaries can be readily traced, in marking a claim regard must be had to the topography of the ground, and the markings be so placed that they can be readily followed from one to another, and that a person accustomed to tracing the lines of mining claims can, after reading the description of the claim in the posted notice of location, by a reasonable and bona fide effort, find all the stakes.

This is a suit in equity brought by the complainant, under section 2326, Rev. St. U. S., in support of the adverse claim filed by him in the United States land office at Spokane against the application of the defendants for a patent to the Ben Tillman lode mining claim, situated in Eureka mining district, Ferry county, state of Washington; the complainant claiming title to the same ground under a mining location called the "Minnie Lode Mining Claim."

Heyburn, Price, Heyburn & Doherty, for complainants.
Albert Allen, for defendants.

HANFORD, District Judge. The complainant asserts that he has a superior title to the mining ground in controversy, as the purchaser from one George W. Elliott of the Minnie lode mining claim, which was located by said Elliott, through an agent named McCann, on the 22d day of April, 1896, and that he is in possession of said ground, and has made large expenditures in prospecting and developing the claim; the date of said location being about three weeks prior to the location of the Ben Tillman claim by the defendants, covering part of the same ground. The validity of the complainant's title is disputed on two grounds, viz.: (1) The loca-

tion of the Minnie claim was contrary to section 2320, Rev. St. U. S., because no discovery of a vein or lode of quartz or other rock in place, bearing any of the precious metals, had been made within the boundary of the claim at the time of the location thereof, or at any time previous to the location of the Ben Tillman claim; (2) the locator of the Minnie claim failed to comply with the requirements of section 2324, Rev. St. U. S., in this: that said claim was not so marked upon the ground that the boundaries thereof could be readily traced.

The sections of the Revised Statutes referred to contain, among other provisions, the following:

"Sec. 2320. * * * A mining-claim located after the tenth day of May, eighteen hundred and seventy-two, whether located by one or more persons, may equal, but shall not exceed one thousand five hundred feet in length along the vein or lode; but no location of a mining-claim shall be made until the discovery of the vein or lode within the limits of the claim located. * * *

"Sec. 2324. The miners of each mining-district may make regulations not in conflict with the laws of the United States, or with the laws of the state or territory in which the district is situated, governing the location, manner of recording, amount of work necessary to hold possession of a mining-claim, subject to the following requirements: The location must be distinctly marked on, the ground so that its boundaries can be readily traced. * * *"

It is admitted that whatever was done in the matter of locating the Minnie claim was prior in point of time to the initiation of any rights claimed by the defendants, and no question is raised as to compliance with the laws and regulations as to notices and recording, and other steps necessary to the valid location of a quartz mining claim, except in the particulars above specified; and there is no question as to the right of the defendants to prevail in this case, and to have a patent issued to them for the ground which they claim, in case it shall be determined that the location of the Minnie claim was void for either or both of the above-specified reasons.

Mr. McCann, who represented Mr. Elliott, the complainant's vendor, in locating the Minnie claim, has not been called as a witness, and it is impossible to ascertain from the evidence what he may have discovered prior to locating said claim. However, there is no evidence tending to prove that he did discover any vein or lode of quartz or other rock in place, bearing any of the precious metals, within the boundary of said claim. The testimony of a majority in numbers of the witnesses, corroborated by photographic views of a considerable area surrounding the discovery stake, shows that there was no outcropping of quartz or other rock above ground in that vicinity which he could have discovered. There is testimony to the effect that, at a point about 40 feet from the discovery post, McCann dug a small hole in porphyry, of the character peculiar to that section; and there is evidence to the effect that samples of porphyry rock taken from said hole more than a year after the location of the Minnie claim were assayed, and an appreciable amount of gold was found in every sample; but the evidence introduced by the complainant fails to prove that there is anything like a continuous vein or lode of quartz or rock extending in any direction

from this hole, or that any mineral was found to justify the location at any time prior to the location of the Ben Tillman claim. Discoveries made after that time can avail nothing, since the law is mandatory in requiring that a discovery of a vein or lode must be made within the boundaries of the claim before it can be located. The law is equally mandatory in requiring that mining claims must be so marked upon the ground that the boundaries thereof can be readily traced. This requirement is not fulfilled by simply setting a post at or near the place of discovery, and setting stakes at each of the corners of the claim and at the center of the end lines, unless the topography of the ground is such that a person accustomed to tracing the lines of mining claims can, after reading the description of the claim in the posted notice of location, by a reasonable and bona fide effort to do so, find all of the stakes, and thereby trace the lines. Where the country is broken, and the view from one corner to another is obstructed by intervening gulches and timber and brush, it is necessary to blaze the trees along the lines, or cut away the brush, or set more stakes at such distances that they may be seen from one to another, or dig up the ground in a way to indicate the lines so that the boundaries may be readily traced. The least that can be required of locators is that the corner stakes shall not be so far apart as to include an area considerably greater than the size of the claim as described in the posted notice, or greater than the law allows to be included in a single claim. I admit the rule that a location which is made in other respects in conformity to law, but which is greater in length, or width than the law permits to be taken in one claim, is not, for a mere error in that respect, void, except as to the excess; but when, as in this case, the validity of the location is disputed for alleged failure to fulfill the requirements of the law with reference to marking the claim upon the ground so that the boundaries can be readily traced, the length of the lines and the distances between stakes must be taken into account, in connection with the other facts proved, for the purpose of determining this question. It is obvious that, if a person, measuring from the stakes at one end of the claim the required distance in the direction indicated by the notice of location, does not find the other end stakes, nor anything else to guide him to where the stakes may be found, he may reasonably conclude that such other corner stakes have not been set, and that the location is void. In such a case the excessive distance between the corner stakes is misleading, and a locator who has committed such an error has failed to comply with the law. The evidence in this case shows that the locators of the Ben Tillman claim, before deciding to make said location, searched long and diligently for the north end stakes of the Minnie claim, but failed to find them. When Mr. Elliott first went upon the claim, McCann showed him the stakes at the south end, and pointed towards the vicinity where he claimed to have set stakes at the north end; but said north end stakes were never seen by Mr. Elliott, nor by any of the defendants, until more than a year after the location of the Ben Tillman claim, and then they seem to have been discovered by a person looking for

something else, and were found to be situated several hundred feet further north than the proper distance from the south end stakes, and on the side of a gulch and creek, and one of the corner stakes is hidden behind the upturned roots of a fallen tree. Only one witness has testified to having seen all of the stakes marking the Minnie claim prior to the location of the Ben Tillman claim, and I feel obliged to reject his evidence on this point for the reason that there is uncontradicted evidence that said witness participated in the search for these stakes at the time the locators of the Ben Tillman claim were looking for them, and if he saw them then, or knew where they were situated, he concealed his knowledge from said locators.

From consideration of all the evidence, I am led to the conclusion that the location of the Minnie claim is void for both the reasons assigned by the defendants. In accordance with this opinion, a decree will be given denying the right of the complainant and sustaining the claim of the defendants.