Filed 6/23/26  Patterson v. Digital Federal Credit Union CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| TRINA R. PATTERSON, |  |
| Plaintiff and Appellant, | E085332 |
| v. | (Super.Ct.No. CVCO2403624) |
| DIGITAL FEDERAL CREDIT UNION, | OPINION |
| Defendant and Respondent. |  |

APPEAL from the Superior Court of Riverside County.  Daniel A. Ottolia, Judge. Affirmed with directions.

Trina R. Patterson, in pro. per., for Plaintiff and Appellant.

Katten Muchin Rosenman, Stuart M. Richter, and Ashley Taylor Brines for Defendant and Respondent.

Trina Patterson appeals from a judgment of dismissal following an order sustaining with leave to amend a demurrer filed by Digital Federal Credit Union (Digital Federal).  Patterson did not file an amended pleading.  We affirm the judgment.

BACKGROUND

In June 2024, Patterson filed a pro se "petition for entry of default administrative judgment, satisfaction of lien, damages, and injunctive relief" against Digital Federal. (Capitalization omitted.) The pleading was accompanied by 44 pages of exhibits.

We assume the truth of the material allegations in the operative pleading for present purposes, because this case is on appeal at the demurrer stage. (*Roe v. Hesperia Unified School Dist.* (2022) 85 Cal.App.5th 13, 18 (*Roe*).)

According to the petition and attachments, in June 2019 Patterson signed three loan agreements with Digital Federal, concerning an auto loan, a personal loan, and a credit card. In 2023, Digital Federal sent Patterson past due notices on all three accounts. In September 2023, Patterson had (1) a past due balance of $799.69 on her auto loan, which had a principal balance of $7,605.35, (2) a past due balance of $376.54 on her personal loan, which had a principal balance of $2,774.04, and (3) a past due balance of $9,500.85 on her credit card. Each notice contained a section with the heading "PLEASE DETACH AND SEND BOTTOM PORTION WITH YOUR REMITTANCE," including a statement of the amount due and a blank space for Patterson to fill in the "AMOUNT ENCLOSED."

On October 10, 2023, Patterson sent Digital Federal "Non-Negotiable Notices of Acceptance, for each account … with the accepted presentments attached to the Notices …." The notices were signed by Patterson. Patterson stated that she had received Digital Federal's "[p]resentment" of the past due notices and "return[ed] [Digital Federal's] offer

2

herein attached to you." She attached Digital Federal's past due notices, on which she had written the full outstanding balance for each loan in the blank "AMOUNT ENCLOSED" box. Underneath that box on each notice, she wrote, "'Accepted' October 7, 2023," followed by her signature. Patterson "request[ed] discharge," advised Digital Federal to "[p]lease respond within three (5) days from the date you receive this non-negotiable notice of acceptance," and warned that "[d]ishonor may result if you fail to respond and comply." Digital Federal did not respond to those notices.

Over the next several months, Patterson sent Digital Federal numerous additional notices. Those notices advised Digital Federal that it was in default because it did not respond to Patterson's previous notices, and the subsequent notices gave Digital Federal an opportunity to cure that default. Digital Federal did not respond to those notices. Patterson then notified Digital Federal that by failing to respond to notices of acceptance, Digital Federal had tacitly agreed to the terms of those notices. In early December 2023, Patterson sent Digital Federal final statements and a notarized affidavit. In the final statements, Patterson advised Digital Federal that its "letter [was] not in compliance with U.C.C. §9-208(2)" and that each of her accounts consequently had a balance of zero. Patterson directed Digital Federal to remove "all negative reporting to all credit bureaus."

In January 2024, a notary public sent Digital Federal a "notice of protest and opportunity to cure," along with a notarized affidavit from Patterson. (Capitalization, boldfacing, and underscoring omitted.) Later that month, the same notary public signed a "certificate of dishonor," which she also notarized. (Boldfacing and capitalization

3

omitted.) On the basis of information provided by Patterson, the notary states in the certificate that Digital Federal had "dishonored Trina R. Patterson's three presentments by non-acceptance and/or non-performance and have therefore assented to the Terms and Conditions of said non-negotiable notice of acceptance contract." (Capitalization omitted.)

In April 2024, Patterson filed a form entitled "UCC Financing Statement (UCC-1)" with the California Secretary of State. It identifies Digital Federal as the debtor and Patterson as the secured party. In the form, Patterson asserted that she had "exhausted her Administrative Process in accordance with the Uniform Commercial Code" and that "[d]ue to Debtor's default, non-response and failure to rebut Secured Party's Affidavit, Debtor has tacitly agreed to the terms and conditions of Secured Party's Non-Negotiable Notice of Acceptance and have agreed to pay Secured Party damages" totaling $128,625.

Patterson filed her petition in the superior court two months later. The petition alleges a single cause of action for "judgment for satisfaction of lien and damages." Patterson petitioned the court "to render a Judgment that directs [Digital Federal] to release all claims on [her] Subject Personal Property and pay [Patterson] damages in the amount requested on the filed UCC.-1 Financing Statement." Patterson alleged that Digital Federal had "lost their right to contest this Petition via estoppel through acquiescence" and had "abandoned their right to answer, oppose and appeal." She alleged that the matter had been resolved by the "private administrative process" that she initiated, apparently via the various notices that she sent to Digital Federal.

4

The petition's prayer for relief sought a judgment stating that all three loan accounts were paid in full, requiring removal of all "derogatory reporting with the credit bureaus" in relation to all three loans, awarding damages in the amount of $128,625, and directing Digital Federal to take no further action against Patterson.

Digital Federal demurred to the single cause of action in the petition on several grounds. Digital Federal argued that the cause of action and the entire pleading were uncertain. Digital Federal also argued that the petition failed to state a cause of action because "judgment for satisfaction of lien and damages" is not a cognizable claim. Digital Federal additionally argued that even if it were a cognizable claim, the petition still failed to state a claim upon which relief could be granted, because Patterson did not allege that she had repaid the loans, and she could not unilaterally modify the loan agreements to discharge her obligation to pay the outstanding balances. Patterson opposed the demurrer.

The trial court held a combined hearing in August 2024 on Patterson's request for entry of default judgment and on Digital Federal's demurrer. No court reporter was present. According to the minute order on the demurrer, the court had issued a tentative ruling, and neither party requested oral argument. The court ordered the tentative ruling to become its final ruling and sustained the demurrer with 30 days leave to amend.

After 30 days had passed since the court sustained the demurrer, Digital Federal filed an ex parte application to dismiss the action because Patterson did not file an amended pleading. The court deemed the filing a motion and gave Patterson an

5

opportunity to file written opposition, which she did not do. At a later hearing on the motion, the court adopted its tentative ruling, granted the motion, and dismissed the action with prejudice for failure to amend the pleading after the demurrer was sustained. The tentative ruling is not included in the record on appeal. The court entered judgment in favor of Digital Federal.

DISCUSSION

I. *Governing principles of appellate law*

We presume that an appealed judgment is correct. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) The appellant bears the burden of affirmatively demonstrating error and providing an adequate record on appeal. (*Jameson*, at p. 609.) To carry that burden, the appellant must provide "the reviewing court with some cogent argument supported by legal analysis and citation to the record." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286-287; Cal. Rules of Court, rule 8.204(a)(1)(B) & (C).) The appellant cannot carry that burden by citing broad ranges of pages in the record, rather than the specific pages on which particular facts can be found, because we are "unable to adequately evaluate which facts the parties believe support their positions when nothing more than a block page reference is offered in the briefs." (*Bernard v. Hartford Fire Ins. Co.* (1991) 226 Cal.App.3d 1203, 1204-1205; *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.) All of those principles apply to self-represented litigants. (*Nwosu v. Uba* (2004) 122

Cal.App.4th 1229, 1246; *First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958, fn. 1.)

II.     *Failure to state a claim*

Patterson contends that the trial court erred by sustaining Digital Federal's demurrer.[1]  We are not persuaded.

We independently review a trial court's ruling on a demurrer.  (*Roe*, *supra*, 85 Cal.App.5th at p. 23.)  We accept the truth of properly pleaded material facts and consider any matters that may be judicially noticed.  (*Consumer Cause, Inc. v. Arkopharma, Inc.* (2003) 106 Cal.App.4th 824, 827; *Los Angeles Waterkeeper v. State Water Resources Control Bd.* (2023) 92 Cal.App.5th 230, 264.)  We determine whether the facts are sufficient as a matter of law "to state a cause of action under any legal theory."  (*T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162.)

"In order to prevail on appeal from an order sustaining a demurrer, the appellant must affirmatively demonstrate error.  Specifically, the appellant must show that the facts pleaded are sufficient to establish every element of a cause of action and overcome all legal grounds on which the trial court sustained the demurrer."  (*Scott v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 743, 752 (*Scott*).)  "We will affirm the ruling if there is any ground on which the demurrer could have been properly sustained."  (*Ibid.*)

If a plaintiff is given the opportunity to amend the pleading and elects not to, then we presume that the plaintiff stated "as strong a case as" they could.  (*Le Mere v. Los*

---

[1]     Patterson states that the trial court sustained the demurrer without leave to amend. That is incorrect.

*Angeles Unified School Dist.* (2019) 35 Cal.App.5th 237, 243 (*Le Mere*).) Under those circumstances, "'we will affirm the judgment if the complaint is objectionable on any ground raised in the demurrer.'" (*Ibid.*)

The single cause of action alleged in the pleading is "judgment for satisfaction of lien and damages." Patterson has not carried her burden of demonstrating what facts are sufficient to establish every element of that purported cause of action. (*Scott*, *supra*, 214 Cal.App.4th at p. 752.) Digital Federal argued in its demurrer that the cause of action does not exist. In her opening brief, Patterson has not provided any legal authority for the proposition that such a cause of action does exist. We are aware of none. Moreover, even if we were to assume that such a cause of action does exist, Patterson has not identified the elements of the cause of action, so she has not carried her burden of showing that her pleading alleged sufficient facts as to each element. (*Ibid.*)

In her opening brief, Patterson asserts that she sufficiently pled a claim for declaratory relief. (Code Civ. Proc., § 1060.) Patterson's entire argument on the point reads as follows: "Additionally, *Civil Code § 1060* [*sic*] allows a party to seek declaratory relief to determine rights and duties under law. Appellant sufficiently stated in her Petition facts establishing a real and substantial controversy. Her claims were not only adequately pleaded—they were proven by unrebutted evidence. The trial court's denial constituted legal error." The argument fails. Patterson does not identify the elements of a claim for declaratory relief under Code of Civil Procedure section 1060 and does not identify the factual allegations in her pleading that correspond to those elements.

8

(*Scott, supra*, 214 Cal.App.4th at p. 752.)  We will not develop Patterson's argument for her.  (*Pacific Bell Telephone Co. v. County of Placer* (2025) 111 Cal.App.5th 634, 640 (*Pacific Bell*).)

More generally, Patterson's opening brief does not cite any specific factual allegations in her pleading.  The only citations to the clerk's transcript are in the introduction and statement of the case.  The statement of the case contains two citations to her pleading:  One citation is to the entire 62-page petition, including exhibits, and the other is to the 44 pages of exhibits.  Similarly, the introduction cites all 44 pages of exhibits and then separately cites one exhibit, the "certificate of dishonor."  (Boldfacing and capitalization omitted.)  The brief never cites any specific factual allegations that could state a claim under any legal theory.  Again, we will not develop Patterson's arguments for her.  (*Pacific Bell*, *supra*, 111 Cal.App.5th at p. 640.)

III.    *Remaining arguments*

Patterson makes numerous additional arguments challenging the trial court's ruling.  None is meritorious.

First, many of the arguments Patterson makes are not supported by citation to any legal authority or supported by any legal analysis.  For example, Patterson contends that the demurrer was procedurally and substantively improper because she filed a petition and not a complaint.  Patterson's explanation of the allegedly material differences between the two types of pleadings is not supported by citation to legal authority or legal analysis.  Arguments that are not supported by citation to legal authority and analysis are

9

forfeited. (*Tellez v. Rich Voss Trucking, Inc.* (2015) 240 Cal.App.4th 1052, 1066 (*Tellez*).) Again, we will not develop an appellant's arguments for them. (*Pacific Bell*, *supra*, 111 Cal.App.5th at p. 640.)

Second, Patterson's opening brief contains citations to cases that do not exist, citations to cases that do not stand for the propositions for which they are cited, and quotations that do not appear in the authorities cited.[2] For example, Patterson erroneously cites *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 518 for the proposition that both the Uniform Commercial Code and the California Uniform Commercial Code are binding statutory authority, so "[o]nce invoked, courts are obligated to enforce their provisions." (Emphasis omitted.) *Romero* is a criminal case that has nothing to do with either the Uniform Commercial Code or the California Uniform Commercial Code. (*Romero*, at pp. 504-532.) In addition, Patterson cited numerous cases that do not exist, including: *Hagood v. Sony Corp. of America* (7th Cir. 1988) 846 F.2d 1145; *Dantzler Lumber & Export Co. v. Columbia Forest Products, Inc.*

---

[2] Patterson's citations to nonexistent or inapposite cases and her use of nonexistent quotations bear the hallmarks of fabricated legal authority created by generative artificial intelligence (AI), commonly referred to as AI hallucinations. (*Schlichter v. Kennedy* (2025) 116 Cal.App.5th 24, 27.) As is true for attorneys, pro se litigants are free to use generative AI to assist in drafting briefs, but, like attorneys, pro se litigants must check and verify every citation to ensure that the cited case exists and that any proposition cited or quoted material is accurate. (*Sheerer v. Panas* (2026) 119 Cal.App.5th 367, 371; *Schlichter*, at p. 33; *People v. Alvarez* (2025) 114 Cal.App.5th 1115, 1119.) Attorneys who have filed briefs containing AI hallucinated citations have been sanctioned (*Schlichter*, at p. 33; *Alvarez*, at p. 1120; *Noland v. Land of the Free, L.P.* (2025) 114 Cal.App.5th 426, 449 (*Noland*)), a pro se litigant has been warned of the same possible outcome (*Sheerer*, at p. 371), and extensive reliance on nonexistent legal authority may justify striking a party's briefs or dismissing the appeal (*Noland*, at p. 436).

10

(5th Cir. 2004) 116 Fed.App'x 632; *In re White* (Bankr. D. Mass. 2002) 287 B.R. 577; *In re Prevo's Market, Inc.* (Bankr. W.D. Mich. 1990) 12 UCC Rep. Serv. 2d 1177; *In re Clark* (Bankr. N.D. Iowa 2001) 2001 WL 1806036; *West Covina Healthcare v. Superior Court* (2007) 153 Cal.App.4th 1241; *Aetna Life Ins. Co. v. French* (1901) 94 F. 600; *People v. Casas* (1999) 72 Cal.App.4th 599; *Zack v. Board of Pension Commissioners* (1947) 30 Cal.2d 195; *Moulton Nigel Water Dist. v. Colombo* (2003) 111 Cal.App.4th 1201; and *Rappaport v. Gelfand* (1961) 197 Cal.App.2d 611.  Finally, by way of example, Patterson erroneously cites *Strong v. County of Santa Cruz* (1975) 15 Cal.3d 720, 725 as the source of the following quotation:  "'Where a party has, with knowledge of the facts, acquiesced in a transaction or has remained silent when he ought to have spoken, equity will estop him from later asserting a claim.'"  *Strong* does not contain that quotation.  Nonexistent cases and nonexistent quotations do not support the propositions and arguments for which they are cited (*Noland*, *supra*, 114 Cal.App.5th at p. 447), so we consider those arguments forfeited too (*Tellez*, *supra*, 240 Cal.App.4th at p. 1066).

Third, Patterson contends that the trial court erred by failing to grant summary judgment in her favor, because the facts were undisputed.  Patterson did not move for summary judgment, so the argument fails.

Fourth, Patterson contends that the trial judge acted with bias against her at the August 7, 2024, hearing and thus deprived her of her right to due process.  Even if we were to assume for the sake of argument that Patterson has shown error, the argument would still fail because she has failed to show that the error was not harmless.  Again,

11

Patterson's petition alleged a single cause of action. She declined to file an amended pleading, so we must presume that her petition alleges the strongest case that she can allege. (*Le Mere*, *supra*, 35 Cal.App.5th at p. 243.) Patterson has provided no legal authority for the proposition that the single cause of action alleged in her petition exists, and we are aware of none. Because the only cause of action alleged in the petition does not exist, it was impossible for Patterson to prevail on Digital Federal's demurrer. Patterson has therefore failed to show that it is reasonably probable that she would have obtained a more favorable result in the absence of any putative error relating to alleged judicial bias. (*Myrick v. Mastagni* (2010) 185 Cal.App.4th 1082, 1092.)

IV.    *Vexatious litigant*

A "vexatious litigant" is a person who "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been … finally determined adversely to the person …." (Code Civ. Proc, § 391, subd. (b)(1).) "'Litigation'" includes "any civil action or proceeding, commenced, maintained or pending in any state or federal court." (Code Civ. Proc, § 391, subd. (a).) "A litigation includes an appeal or civil writ proceeding filed in an appellate court." (*Garcia v. Lacey* (2014) 231 Cal.App.4th 402, 406.) "A litigation is finally determined adversely to a plaintiff if he [or she] does not win the action or proceeding he [or she] began, including cases that are voluntarily dismissed by a plaintiff." (*Ibid.*)

12

At oral argument, Patterson represented that she has been involved in litigation for 16 years. Given the frivolous nature of Patterson's litigation in this case, and given Patterson's claim that she has a 16-year litigation history, we direct the trial court on remand to consider whether to declare Patterson to be a vexatious litigant within the meaning of Code of Civil Procedure section 391, subdivision (b), and whether to enter a prefiling order against her under Code of Civil Procedure section 391.7. (*In re Marriage of Kouvabina & Veltman* (2025) 115 Cal.App.5th 293, 296.) In making its determination, the trial court may wish to consider our opinion in this case (which will be final upon issuance of the remittitur), as well as the following matters: (1) *Patterson v. U.S. Bank N.A.* (Super. Ct. San Bernardino County, 2022, CIVSB2203518) [judgment entered on September 28, 2022, after order sustaining demurrer without leave to amend]; (2) *Patterson v. Sunova Energy Corp.* (Super. Ct. San Bernardino County, 2022, CIVSB2125388) [voluntarily dismissed without prejudice on March 8, 2022, by Patterson]; (3) *Patterson v. Select Portfolio Servicing, Inc.* (Mar. 9, 2021, E072068) [nonpub. opn.]; and (4) *Patterson v. Select Portfolio Servicing, Inc.* (U.S. Supreme Ct., 2020, No. 19-734), cert. denied [petition for writ of certiorari in federal litigation denied on February 24, 2020]. The trial court must conduct a noticed hearing and must give Patterson the opportunity to present evidence and argument. (*Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 225.) We express no opinion on how the trial court should rule.

DISPOSITION

The judgment is affirmed. Digital Federal shall recover its costs of appeal. The trial court is directed to conduct a noticed hearing to consider whether to declare Patterson a vexatious litigant and whether to enter a prefiling order against her.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

MILLER
Acting P. J.

LEE
J.

14